IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-20950
Summary Calendar
_____


TOMMY J. CHANEY,

                                        Plaintiff-Appellant,

     versus

DOW CHEMICAL COMPANY,

                                        Defendant-Appellee.


_____

Appeal from the United States District Court for the
for the Southern District of Texas
(CA-H-93-3482)
_____

October 8, 1996
Before GARWOOD, WIENER and PARKER, Circuit Judges.[*]

GARWOOD, Circuit Judge:

     In this Texas law diversity case, plaintiff-Appellant Tommy J.

Chaney (Chaney) appeals the district court's grant of summary

judgment in favor of Defendant-Appellee Dow Chemical Company (Dow)

on his premises liability claim.  We affirm.

**Facts and Proceedings Below**

     On September 26, 1991, Chaney was allegedly injured while

_____

[*]     Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

riding in the back of a truck on the premises of a Dow facility. At the time, Chaney was employed by Breazeale Contractors (Breazeale), an independent contractor hired by Dow, and the truck was operated by Breazeale. Chaney alleges that he was injured when the truck in which he was riding crossed a set of railroad tracks on the Dow property which was either under construction or poorly maintained resulting in his being jolted about and thrown from the truck bed.

Chaney originally filed this suit in the Texas state courts on September 24, 1993, although the case was later removed by Dow to the United States District Court for the Southern District of Texas, Houston Division on the basis of diversity. The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c). Dow moved for summary judgment, and a hearing was held before the magistrate judge on June 15, 1994.

At the conclusion of the hearing, the magistrate judge instructed the parties to submit any additional materials that they wished to have considered no later than June 22. Chaney elected not to submit any supplemental materials, while Dow requested a one-day extension which was granted and submitted a supplemental memorandum and affidavit to the court on June 23. By order entered July 21, 1995, the magistrate judge granted summary judgment in favor of Dow on the grounds that Chaney had failed to produce any evidence of the existence of an unreasonably dangerous condition on Dow's premises. Chaney, represented by counsel below but acting

2

*pro se* in this Court, now brings this appeal.

## Discussion

### I. Procedural Issues

Chaney raises several points of error with respect to the summary judgment procedure employed below. We address these arguments *seriatim*.

First, Chaney notes that Federal Rule of Civil Procedure 56(c) requires that judgment be rendered "forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact," and argues that therefore the district court erred in allowing extra time for the parties to supplement their submissions following the summary judgment hearing before ruling on the motion. In other words, Chaney argues that Rule 56(c) requires that the movant be entitled to summary judgment at the time of the hearing, and that no additional time to supplement the record may be granted prior to ruling on the motion. Chaney cites no authority for this novel and overly literal reading of the requirements imposed by Rule 56(c) which we hereby reject.

Chaney next argues that the district court erred in basing its summary judgment on Dow's supplemental submissions which Chaney was not permitted to oppose because of the magistrate judge's June 22 deadline for tendering additional materials to the court, thereby violating Rule 56(c)'s requirement that "[t]he motion shall be

4

served at least 10 days before the time fixed for the hearing." This argument is flawed in several respects. First, the arguments presented in the supplemental memorandum were previously presented in Dow's Reply to Plaintiff's Response to Dow's Motion for Summary Judgment and Motion to Strike which was filed on December 1, 1994, thereby providing Chaney with more than adequate notice and opportunity to counter Dow's motion for summary judgment. Furthermore, the magistrate judge did not enter her order granting summary judgment until July 21, 1995. The record reflects that Chaney made no request for an opportunity to respond to Dow's supplemental memorandum during the intervening period between the filing of the memorandum on June 23, 1995 and the entry of the court's order on July 21, 1995. The intervening period between the filing of Dow's supplemental memorandum and the entry of the court's order provided Chaney with the notice required by Rule 56(c) and the opportunity to respond had he chosen to do so. *See, Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1293 & n.11 (5th Cir.)(supplemental memorandum filed two months before entry of summary judgment satisfied notice requirement of Rule 56(c)), *cert. denied*, 115 S.Ct. 312 (1994).[1]

---

[1]    Chaney additionally complains that Dow did not serve him with notice of its request for an extension of time to file its supplemental materials with the court, and that the district court erred in granting such an extension without allowing Chaney the opportunity to oppose the request. Contrary to Chaney's representations, the record reflects that a certificate of service was filed along with Dow's request for an extension of time. Nor

5

Chaney next argues that the district court erred in relying upon the affidavit of Dave Turner, Supervisor of the Roads and Bridges Department for Dow's Texas operations, which was submitted along with Dow's supplemental memorandum. In particular, Chaney argues that Turner's affidavit is not competent summary judgment evidence because it makes reference to an investigation not attached to the affidavit as required by Rule 56(e) which provides, "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." Despite the magistrate judge's statement in her order that she had reviewed "Defendant's supplement and all exhibits," Turner's affidavit was in no way essential to the magistrate judge's grant of summary judgment in favor of Dow which was based upon the absence of any evidence to support the existence of an unreasonably dangerous condition on Dow's premises. Dow was not required to come forward with direct evidence regarding the condition of the crossing so as to negate Chaney's allegations. *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996).

**II. Summary Judgment Claim**

---

did the district court err in granting Dow's request as Federal Rule of Civil Procedure 6(b) expressly provides: "When by these rules or by a notice given thereunder or *by order of court* an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) *with or without motion or notice* order the period enlarged if request therefor is made before the expiration of the period originally prescribed...." (Emphasis added).

We review the grant of a motion for summary judgment *de novo*, applying the same standard employed by the district court. *Baker v. Putnal*, 75 F.3d 190, 197 (5th Cir. 1996). In reviewing the evidence, the facts and inferences to be drawn from them must be viewed in the light most favorable to the nonmovant. *Id*. at 198. "We do not affirm a summary judgment unless we conclude, after an independent review of the record, that 'there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Thornton, Summers, Biechlin, Dunham & Brown, Inc. v. Cook Paint & Varnish*, 82 F.3d 114, 116 (quoting Fed. R. Civ. P. 56(c)).

The initial burden lies with the movant to establish the absence of any genuine issue of material fact "by informing the court of the basis for its motion, and by identifying portions of the record which highlight the absence of genuine factual issues." *Rizzo v. Children's World Learning Centers, Inc*., 84 F.3d 758, 762 (5th Cir. 1996)(*quoting Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992), *cert. denied*, 113 S.Ct. 82 (1992)). In order to meet this burden, the movant need not negate the elements of claims on which the nonmovant would bear the burden of proof at trial, but need only point out with respect to such elements the absence of evidence supporting the nonmovant's claims. *Stults*, 76 F.3d at 656. If the movant meets this initial burden, the burden then shifts to the nonmovant to produce evidence or designate specific

7

facts in the record demonstrating the existence of a genuine issue for trial. *Jones v. Sheehan, Young & Culp, P.C.,* 82 F.3d 1334, 1338 (5th Cir. 1996); *Rizzo*, 84 F.3d at 762. "[C]onclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden." *Douglass v. United Serv. Automobile Assn.*, 79 F.3d 1415, 1429 (5th Cir. 1996)(*en banc*); *see also*, *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996).

Under Texas law, the elements of a premises liability claim are:

> "(1) Actual or constructive knowledge of some condition on the premises by the owner/operator;
> (2) That the condition posed an unreasonable risk of harm;
> (3) That the owner/operator did not exercise reasonable care to reduce or eliminate the risk;
> (4) That the owner/operator's failure to use such care proximately caused the plaintiff's injuries. *Keetch v. Kroger*, 845 S.W.2d 262, 264 (Tex. 1992).

As discussed previously, the magistrate judge based her decision to grant summary judgment in favor of Dow on Chaney's failure to produce any evidence of the existence of an unreasonably dangerous condition on Dow's premises. We agree with the magistrate judge's analysis of this question.

In its Reply to Plaintiff's Response to Dow's Motion for Summary Judgment and Motion to Strike and in its supplemental memorandum, Dow points out the complete absence of any evidence to

8

substantiate Chaney's claim that an unreasonably dangerous condition existed on Dow's premises, other than Chaney's own speculation that the truck would not have jolted so severely had there not been a defect in the crossing. Having pointed to the lack of evidence to support this necessary element of Chaney's claim, the burden shifted to Chaney to produce evidence sufficient to raise a genuine issue for trial. *See Stults, supra.* The magistrate judge properly concluded that Chaney failed to carry his burden on this element.

The record reflects that Chaney could neither identify the particular crossing in question nor produce any other witness who could do so. In addition, Chaney acknowledged that he had not examined the crossing following the accident to determine if in fact any defect existed.[2] Again, Chaney was similarly unable to produce any other witness who could identify any defect in the crossing. Chaney stated at the summary judgment hearing that Dow

_____

[2] Chaney offered the following at the summary judgment hearing:

> **"THE COURT:** After you were thrown from the truck, did you get out and go back up the little rise and look at the railroad tracks?
> **MR. CHANEY:** No.
> **THE COURT:** You did not.
> **Mr. CHANEY:** Huh-uh.
> **THE COURT:** So you just generally saw the tracks on the property that day.
> **MR. CHANEY:** Yeah."

9

had been performing construction on railroad crossings in other parts of the facility, although he admitted that he did not know whether construction was being performed on the particular crossing at issue. Chaney surmised that there must have been construction at this particular crossing to account for the lurching of the truck which resulted in his injury.[3] This was the sum total of the

---

[3]     Chaney's statements in this regard at the summary judgment hearing were as follows:

| | |
|---|---|
| "**THE COURT:** | And you say there is a dip between the rails because you felt it when you were — |
| **MR. CHANEY:** | Yeah. |
| **THE COURT:** | —bouncing over— |
| **MR. CHANEY:** | Yeah, the truck— |
| **THE COURT:** | —the track? |
| **MR. CHANEY:** | —bucked like a horse when it went over those tracks like that. |
| **THE COURT:** | Okay.    Now—Then you indicated in your deposition that you didn't see any indication that anyone was working on those tracks, right? On that day. |
| **MR. CHANEY:** | I didn't see—There wasn't nobody standing out there. |
| **THE COURT:** | Right. |
| **MR. CHANEY:** | But they usually have reflectors or something coming from one direction but not from the back side that we came from. |
| **THE COURT:** | Right. There was nothing indicating that anyone was working on that particular track that y'all crossed over that |

10

evidence produced by Chaney below.  In essence, Chaney's entire claim rests solely on his speculative assertion that his being thrown from the truck could have been caused only by a defect in the railroad crossing, although neither he nor any other witness could testify to having seen any such defect.  Such speculative and wholly conclusory allegations are insufficient to carry Chaney's burden of coming forward with evidence or specific facts to resist Dow's motion for summary judgment.  *See, Douglass*, 79 F.3d at 1429.

Chaney raises several other points of error, all of which we find to be without merit.  First, Chaney claims that genuine issues

---

|  |  |
|---|---|
|  | day. |
| **MR. CHANEY:** | No, I——Well, from what I've seen when we were working in there, they were working at different spots on the railroad tracks, so all—ll through Dow. |
| **THE COURT:** | But they weren't working on this particular track that you saw. |
| **MR. CHANEY:** | I don't know. |
| **THE COURT:** | You don't know.  You didn't see it. |
| **MR. CHANEY:** | I didn't see if they had the rocks out of there or not, no. |
| **THE COURT:** | All right.  So you don't know if there were rocks between the tracks or not. |
| **MR. CHANEY:** | No.  Not that particular tracks [sic]. |
| **THE COURT:** | Not that particular track." |

of material fact exist with respect to: (a) where the crossing at issue is located; (b) the surroundings and nature of the crossing; and (c) the type of fill material used in the crossing. All of these points are simply different ways of stating that Chaney has been unable to identify the crossing at issue. Rather than being "material," this question is simply irrelevant as Chaney has been unable to produce any testimony or other evidence indicating that his injury was in fact caused by a defect in Dow's premises.

Chaney also raises a point of error with respect to whether the evidence indicates that the Breazeale employee driving the truck was driving too fast. Again, this issue is simply irrelevant. The basis on which the summary judgment was granted was the absence of any evidence to support Chaney's allegation that an unreasonably dangerous condition existed on Dow's premises.

Chaney next argues that the magistrate judge's order suggests that she failed to draw all favorable inferences in favor of Chaney as the nonmovant in ruling on the motion. In particular, the magistrate judge observed in her order:

> "Plaintiff has provided no competent summary judgment evidence to raise a genuine issue of material fact as to the existence of a premises defect on Defendant's property. It is undisputed that the driver of the truck was driving too fast at the time of the incident, that the truck proceeded over the railroad tracks, and that Chaney was riding in the back of the pickup. It is just as likely that there was no premises defect, and that the cause of the accident was the manner in which the truck was being driven."

Based on the record before us, it is a misstatement to say that it

12

is "just as likely" that the cause of Chaney's injury was the manner in which the truck was driven as the only evidence before us suggests that this was the only cause. As the magistrate judge properly concluded, there was simply no evidence of the existence of any premises defect. We are persuaded that by the magistrate judge's statement in this regard she simply meant to illustrate that the only evidence of record indicated that Chaney's injury was caused by the manner in which the truck was driven rather than by a premises defect as claimed by Chaney.

Finally, Chaney argues that the magistrate judge failed to properly apply Texas law regarding whether the same standard of care is owed by the owner of a private road which traverses a railroad crossing as has been applied to public roads, and whether the lack of "fill" between the rails of a crossing can constitute a premises defect. Again, these questions are simply irrelevant as they were in no way relied upon by the court below in reaching the conclusion that Chaney had simply failed to produce any evidence of the existence of a premises defect on Dow's premises at the crossing in question.

Accordingly, we conclude that the magistrate judge properly granted summary judgment in favor of Dow on Chaney's premises liability claim.

For the foregoing reasons, the judgment of the district court is hereby

AFFIRMED.

13