# REVISED, February 19, 1998

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-30688
Summary Calendar

WILLIAM T. FIRESHEETS, II, Trustee;
JOSEPH M. ARDOIN, Trustee,

Plaintiffs-Appellants,

VERSUS

A.G. BUILDING SPECIALISTS, INC.,

Defendant-Appellee,

Appeal from the United States District Court
For the Middle District of Louisiana

February 18, 1998

Before REYNALDO G. GARZA, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:

This case comes from a decision of the United States District Court for the Middle District of Louisiana, Judge Frank J. Polozola, presiding.  The District Court granted summary judgment in favor of the Defendant-Appellee, A.G. Building Specialists, Inc. ("A.G. Building").  The Plaintiffs-Appellants, William T. Firesheets ("Firesheets") and Joseph M. Ardoin ("Ardoin"), acting in their capacity as trustees for the Carpenters Local 1098 ("Local 1098") Welfare Fund, Pension Trust,

and Educational and Training Program Trust (collectively, "the Trust Funds") timely appealed, and the matter now lies before this panel.

## Background

A.G. Building and its employees had a collective bargaining agreement (the "Agreement") which was in effect from May 1, 1982 to April 30, 1984. One of the requirements of this Agreement was that A.G. Building had to make contributions to the employees' Trust Funds. The extent to which, if at all, the contribution requirements of the Agreement lasted beyond April 30, 1984, is at the core of this dispute.

In a letter dated January 17, 1984, Albert Greene ("Greene"), the principal owner of A.G. Building, advised Local 1098 of A.G. Building's withdrawal from a multiemployer bargaining unit, and its desire to terminate the Agreement. Soon thereafter, Greene met with representatives of Local 1098 to negotiate for a new collective bargaining agreement. No new collective bargaining agreement was prepared or signed by the parties, however. Since 1984, A.G. Building has solely set, determined, and modified the terms and conditions of employment for its employees, with no input from or bargaining with Local 1098.

A.G. Building continued to make voluntary contributions to the Trust Funds on behalf of some of its employees for

2

approximately ten years after the expiration date of the original Agreement.  Beginning in January of 1988, contributions were made for only two individuals.  Contributions were made for only one employee from April, 1992, until the last contribution in 1994.  During this time, A.G. Building continued to file contribution reports, and complied with changes made in the contribution rates.

Firesheets and Ardoin, in their capacities as trustees of the Trust Funds, filed suit on December 8, 1995, naming A.G. Building as defendant, and alleging that A.G. Building had failed to make certain contributions to the Trust Funds, as (they allege) was required under the Agreement.  Following discovery, a Joint Motion to Bifurcate was filed to determine separately the issues of liability and damages in this matter.  Both sides filed for summary judgment in their favor with regard to liability, and the District Court granted summary judgment in favor of A.G. Building, and against the Trust Funds.  The Trust Funds timely appealed.

## Standard of Review

The standard of review for the granting of a motion for summary judgment is *de novo*.  *BellSouth Telecommunications, Inc. v. Johnson Bros. Group,* 106 F.3d 119, 122 (5th Cir. 1997); *Guillory v. Domtar Industries, Inc*., 95 F.3d 1320, 1326 (5th Cir. 1996).  Summary judgment is warranted when "the pleadings, depositions, interrogatories, and admissions on file, together

3

with the affidavits, if any, show that there is no genuine issue as to any material fact." FED.R.CIV.P. 56(c); *Celotex v. Catrett*, 477 US 317, 322 (1986).

## Analysis

The Trust Funds correctly state that for A.G. Building to be liable for failure to make contributions, the Trust Funds must show there was a collective bargaining agreement between A.G. Building and Local 1098. The Trust Funds argue that the District Court erred in not finding a valid agreement between the parties. They basically have three independent arguments: (1) the original Agreement did not terminate, (2) a new collective bargaining agreement was reached, as shown by certain notes and documents and A.G. Building's conduct, or (3) A.G. Building is bound by its conduct over the years to continue making contributions under provisions of §302(c) of the National Labor Relations Act, 29 USC §151, *et seq*. All of these arguments fail. We hold that the District Court did not commit reversible error, and we affirm its decision.

The first argument is the simplest to dispose of. The Agreement, by its own terms, terminated at midnight on April 30, 1984. The preamble of the Agreement required that any modification to the Agreement had to be set forth in writing. Local 1098 was given written notice of A.G. Building's intentions to terminate the Agreement over three months before the termination date. No written modifications were made to the

4

original Agreement to extend it, and the counsel for the Trust Funds admitted during oral argument at the trial court level that Greene's letter expressing his intent to terminate the Agreement was sufficient to cancel the Agreement. The original Agreement died at midnight of April 30, 1984, and nothing was done to resurrect it. This argument fails.

Next, the Trust Funds argue that a new collective bargaining agreement was made. The Trust Funds use this circuit's decision in *NLRB v. Haberman Construction Co.*, 641 F.2d 351 (5th Cir. 1981) as a starting point. They point out that this circuit has held that "adoption of a labor contract is not dependent on the reduction to writing of [the parties'] intention to be bound. Instead what is required is conduct manifesting an intention to abide by the terms of the agreement." *Id*. at 355, 356 (citations omitted). The Trust Funds state that A.G. Building's conduct shows an intention to be bound, because: A.G. Building continued to make contributions to the Trust Funds after the expiration date of the Agreement, A.G. Building continued to file monthly contribution reports which included language stating that it was bound by provisions of the agreements with Local 1098, and because of the existence of certain notes from the negotiations for a new agreement which discuss details of possible arrangements.

A.G. Building responds that, as stated previously, the old Agreement was terminated, that notes from the negotiations do not evidence any agreement, and those notes are not sufficient to

5

constitute a labor contract. A.G. Building further states that *Haberman* is distinguishable because A.G. Building's conduct is not consistent with the formation of an agreement, and has behaved in a manner inconsistent with the original Agreement. For example, A.G. Building hired nonunion carpenters, set wages, and made Trust Fund contributions only for those employees who asked for contributions. Also, A.G. Building did not adjust its wage rates upon receipt of notices for project agreements by Local 1098, and did not give holiday pay to its employees. These actions were inconsistent with the actions of a firm which has created a new collective bargaining agreement, and belies any claim of intent to be bound by a new agreement, A.G. Building argues.

The Trust Funds' strongest piece of evidence on this point is the fact that A.G. Building continued to make the contributions and file the contribution reports. These contribution reports contain certain language about binding the employer to a collective bargaining agreement. A.G. Building states that these payments were done voluntarily at the specific request of certain employees of the firm, and the payments (and clerical work done to record the payments) were never intended to imply or confirm the existence of a collective bargaining agreement.

We agree with Judge Polozola's conclusion on this issue. He stated that A.G. Building's actions were not consistent with the existence of a collective bargaining agreement, and that the

6

contribution payments do not evidence an intent to be bound. Also, this circuit held in *Carpenters Amended & Restated Health v. Holleman*, 751 F.2d 763, 770 (5th Cir. 1985), that the fact that an employer made voluntary contributions to a union trust fund for certain employees, and filed reports for those contributions, did not bind the employer. Judge Polozola cited *Holleman* in his decision as precedent on this issue, and he was correct in doing so. A.G. Building's actions, by and large, are inconsistent with the creation of a new agreement, and the existence of some boilerplate language on the record-keeping documents for the contributions does not bind A.G. Building.

The last issue is whether the District Court erred in finding that there was no valid agreement under the purview of §302(c) of the National Labor Relations Act. The Act prohibits payments by an employer to unions or their representatives, though an exception under §302(c) permits employers to make payments to trust funds established for the benefit of employees only if the payments to be made are specified in a written agreement.

The lead cases on this point are *Moglia v. Geoghegan*, 403 F.2d 110 (2nd Cir. 1968), *cert. denied*, 394 U.S. 919 (1969), and *Bricklayers Local 15 v. Stuart Plastering Co.*, 512 F.2d 1017 (5th Cir. 1975). In *Moglia*, the Second Circuit held that without signatures on the collective bargaining agreement and the trust agreement attached to it, a written agreement under §302(c) did not exist. *Moglia*, 512 F.2d at 118. In *Bricklayers*, this

7

circuit found that a written agreement under §302(c) did not exist because: (1) the employer did not sign the trust agreements, (2) the collective bargaining agreement anticipated the creation of only one of the two trusts in question, and (3) the trusts were created after the collective bargaining agreement, and therefore could not have been incorporated by reference into the original agreement.

The Trust Funds try to distinguish these cases by stating that the existence of a previous, agreed-upon, collective bargaining agreement makes this a different situation.  They are incorrect.  First of all, *Bricklayers* (as Judge Polozola correctly pointed out) requires strict compliance with the written agreement requirement of §302(c).  Also, the Trust Funds basically base their argument on the same course of conduct rationale which, as stated previously, fails in this case.  The old Agreement was dead.  Its previous existence does not make a difference here, and the handful of notes and records that the Trust Funds put forth as written evidence under §302(c) does not pass muster as proof of a written agreement.  To allow such documentation to suffice for a written agreement under §302(c) would not only be inconsistent with precedent,[1] but would undermine the congressional intent for §302(c), which is to

---

[1]In addition to the cases cited, the Sixth Circuit held in *Merrimen v. Paul F. Rost Elec. Inc.*, 861 F.2d 135 (6th Cir. 1988), that an employer was not liable for pension contributions even though that employer voluntarily made such contributions, because of the absence of its signature on the collective bargaining agreement.  The Sixth Circuit refused to bind the employer in this case, and Judge Polozola cited this case in his decision.

create a "perfectly definite fund," in which the parties all know what their rights are. *Bricklayers*, 502 F.2d at 1025. A.G. Building is not bound under §302(c) of the National Labor Relations Act, and the District Court was correct in stating as much.

## Conclusion

Based on the foregoing, we find no reversible error in the decision of the District Court, which granted summary judgment in favor of the Defendant-Appellee. Therefore, we AFFIRM the decision of the District Court.

AFFIRMED.