**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

———————————

No. 99-31426

(Summary Calendar)

———————————

TERRENCE SHALOW,

Plaintiff-Appellant,

versus

WILLIAM J. HENDERSON,

Defendant-Appellee.

Appeal from the United States District Court
For the Western District of Louisiana
98-CV-497

June 12, 2000

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Terrence Shalow appeals the summary judgment rendered in favor of defendant William

Henderson. For the reasons set forth below, we affirm the judgment of the district court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Shalow has been employed by the United States Postal Service since 1984. In October 1994, he filed an Equal Employment Opportunity ("EEO") complaint with the Post Office claiming race, sex, and reverse age discrimination based on the fact that he was required to be trained on "four-digit keying" while his co-workers were not.[1] In March, 1998, Shalow filed this lawsuit against the Postmaster General of the United States Postal Service (the "Post Office"), alleging discrimination based on race and age as well as breach of the settlement agreement reached in his previous EEO action. The district court granted the Post Office's motion for summary judgment, finding that Shalow had (1) waived his claims of sex discrimination and employer reprisal, (2) failed to state a claim for age discrimination under the ADEA because he was under the age of forty when his EEO complaint was filed, and (3) failed to support his claim of discrimination based on race. Shalow filed this timely appeal. On appeal, he again argues that he was discriminated against on the basis of age, race, and sex[2] because he was required to train in four-digit keying while three of his co-workers were

---

[1] This was not Shalow's first EEO complaint. In a prior complaint filed in November 1992, Shalow alleged "race, color and reprisal discrimination" because he was asked to perform postal duties that he alleged should have been assigned to his white, male co-worker. Shalow and the Post Office reached a settlement, which provided that "[a]ll employees will adhere to their bid assignments including [the identified] employee. The work assignments will be determined by Management in accordance to all applicable postal regulations and the National Agreement." Shalow, however, complained that the Post Office breached the settlement agreement and reopened his EEO complaint. He ultimately filed a lawsuit based upon that complaint. The district court granted summary judgment in favor of the Post Office, and we affirmed.

[2] The district court properly held that Shalow waived his claim of sex discrimination by failing to raise it in his pleadings. *See Principal Health Care of La. v. Lewer Agency, Inc.*, 38 F.3d 240, 244 (5th Cir. 1994) (holding that plaintiff waived coverage issue by failing to raise it in declaratory judgment complaint ). On appeal, Shalow again argues that he was a victim of sex discrimination. He fails, however, to present any argument that the district court erred in dismissing this claim below. Accordingly, he has waived this issue on appeal. *See DSC Communications Corp. v. Next Level Communications*, 107 F.3d 322, 326 n.2 (5th Cir. 1997) ("[A] party who fails to raise an issue in its initial brief waives the right to review of that issue.").

not.[3]

We review a district court's grant of summary judgment *de novo*, applying the same standard as the district court. *See Firesheets v. A.G. Bldg Specialists, Inc.*, 134 F.3d 729, 730 (5th Cir. 1998). Summary judgment should be granted where the "pleadings, depositions, interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 F. Ed. 2d 265 (1986)).

Shalow first argues that he suffered "reverse age" discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., because he was required to train in four-digit keying while his older co-workers were not. According to Shalow, when he complained to management about having to key outgoing mail, he was told that "[co-workers] Simmons and Tolliver were to ole [*sic*] to key outgoing primary."

In order to establish a prima facie case of age discrimination under the ADEA, a plaintiff must

---

[3]     As an initial matter, we agree with the district court's narrowing of the issues presented in the instant lawsuit.  In his 1994 EEO complaint, Shalow argued that he was discriminated against based on age, race, and sex because he was required to train in four-digit keying.  When the EEOC remanded the complaint to the Post Office, it specifically held that Shalow's claims were not duplicative of those raised in his 1992 EEO complaint because the 1992 complaint alleged that Shalow was unfairly required to key outgoing mail during the hours of 3 a.m and 5 a.m. Although Shalow's original complaint argues that he was discriminated against in that he was required to key outgoing mail during the early morning hours—and in fact fails to ever mention four-digit keying—we believe that because he failed to raise that issue in his related EEO complaint (and in fact raised it years earlier),  the only issue raised in this case is whether Shalow was discriminated against based on age or race by being required to train in four-digit keying in July 1994.
    Finally, we agree with the district court that Shalow waived his breach of settlement agreement claim by failing to raise it in the EEO complaint. *See Young v. City of Houston*, 906 F.2d 177, 179-80 (5th Cir. 1990) (holding that a court's inquiry is limited to the "scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.") (citation omitted).  Here, there is no evidence that the EEOC considered a breach of agreement claim when investigating Shalow's complaint. *See id.*

prove that he "(1) was discharged; (2) was qualified for the position; (3) was within the protected age class—over 40—at the time of his discharge; and (4) was replaced by a younger person, or a person outside the protected age class, or otherwise was discharged because of his or her age." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 n.2 (5th Cir. 1996). Shalow has not—and indeed cannot—establish a prima facie case of age discrimination because he was thirty-five-years-old when he filed his complaint and thus outside of the protected age class. Save for one reference to an unnamed New Jersey case, Shalow fails to cite to any cases in which a federal court recognizes that the ADEA provides a remedy for reverse age discrimination. Other courts have refused to recognize the availability of such a remedy. *See, e.g., Hamilton v. Caterpillar Inc.*, 966 F.2d 1226, 1228 (7th Cir. 1992) ("The ADEA does not provide a remedy for reverse age discrimination."). Beyond this, Shalow fails to allege that he was discharged from his employment or suffered any other adverse employment action. Shalow is therefore unable to support his claim that he suffered disparate treatment in violation of the ADEA. Accordingly, the district court did not err in entering summary judgment against Shalow on his reverse age discrimination claim.

Shalow next contends that he was discriminated against on the basis of his race in violation of Title VII. Specifically, he alleges that he was required to train in four-digit keying because he was African-American. Title VII prohibits an employer from refusing to hire, discharging or "otherwise discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C. § 2000e-2(a)(1). In order to establish a prima facie case of disparate treatment based on race under Title VII, a plaintiff must demonstrate that he (1) is a member of a protected class, (2) was qualified for his position, (3) was subjected to an adverse employment action, and (4) was replaced by someone outside of the

-4-

protected class. *See Shackelford v. Deloitte & Touche*, 190 F.3d 398, 404 (5th Cir. 1999). Only after a plaintiff establishes a prima facie case of discrimination does the burden shift to the defendant to rebut the presumption of discrimination by articulating a legitimate, nondiscriminatory reason for its actions. *See id.*

Shalow fails to show that requiring him to participate in four-digit keying training amounted to or led to an adverse employment action. An "employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 118 S. Ct. 2257, 141 L. Ed. 2d 633 (1998); *Shackelford*, 190 F.3d at 407 (same). Shalow fails to argue that he suffered any adverse employment effects from being required to participate in training. To the extent that he attempts to argue that he was adversely affected in that he was required to key outgoing mail between 3 a.m. and 5 a.m., Shalow fails to show that his training led to this job responsibility. The possibility of a causal link between the two is contradicted by the facts that (1) according to his prior complaint, Shalow was required to key outgoing mail in 1991, prior to the 1994 training that forms the basis of this lawsuit, and (2) two of Shalow's co-workers who were not required to key outgoing mail during early morning hours were trained in four-digit keying years earlier. Under the facts as alleged by Shalow, no conflict of evidence exists so as to create a jury question on the issue of racial discrimination. *See Boyd v. State Farm Ins. Co.*, 158 F.3d 326, 328 (5th Cir. 1998). Accordingly, the district court was correct in granting summary judgment in favor of the Post Office on Shalow's Title VII claim.[4]

---

[4] Shalow focuses much of his appellate brief on arguing that one of his co-workers received more favorable treatment than he did. In light of the fact that this co-worker is also African American, we agree with the district court that this evidence does not support Shalow's claim of

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

racial discrimination.