UNITED STATES COURT OF APPEALS

FIFTH CIRCUIT

No. 95-10167

ROMMIE STULTS and STEPHEN WALLACE,

Plaintiffs-Appellants,

versus

CONOCO, INC. and BRAD BURMASTER,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas

February 29, 1996

Before DAVIS and PARKER, Circuit Judges, and BUNTON, District
Judge.[*]

ROBERT M. PARKER, Circuit Judge:

Plaintiffs appeal the district court's granting of defendants'
motions for summary judgment. Finding no error, we affirm.

I. FACTS

Plaintiffs Stults and Wallace were employees of Defendant
Conoco, Inc. While employed by Conoco, plaintiffs each held the
position of store manager. Plaintiff Stults was terminated on or
around May 25, 1991 by his immediate supervisor, district manager
Connie Lutton. Plaintiff Wallace resigned from his position with

---

[*] District Judge of the Western District of Texas, sitting by
designation.

Conoco on or around July 14, 1992, after a meeting with his immediate supervisor, district manager Danise Chatham. At all relevant times, Lutton and Chatham were supervised by defendant Brad Burmaster, former regional retail operations manager for Conoco. Burmaster approved the decisions to terminate Stults and Wallace.

In November 1993, the plaintiffs filed this action for age discrimination and intentional infliction of emotional distress in the District Court of Tarrant County, Texas.[1] Defendant Conoco removed the action to U.S. District Court on the basis of federal question jurisdiction. Defendant Burmaster was served and made an appearance in the action subsequently.

On November 14, 1994, Burmaster filed a motion for summary judgment, asserting that he could not be held individually liable under the Age Discrimination in Employment Act ("ADEA"), and that there was no evidence of extreme and outrageous conduct or severe distress. On January 18, 1995, the district court entered an order granting Burmaster's motion for summary judgment in its entirety.

On December 8, 1994, Conoco filed a motion for summary judgment, asserting that plaintiffs were terminated for non-discriminatory reasons and that there was no evidence of pretext, and that there was no evidence of extreme and outrageous conduct or severe distress. On January 19, 1995, the district court entered

---

1. In addition to their claims under the ADEA, the plaintiffs stated claims under the Fair Labor Standards Act and the Texas Human Rights Act. Plaintiffs do not address the dismissal of these claims separately on appeal.

an order granting Conoco's motion for summary judgment, noting that plaintiffs failed to file a response to Conoco's motion. Plaintiffs timely filed this appeal.

## II. DISCUSSION

We review a district court's grant of summary judgment *de novo*, applying the same standard as did the district court. *Neff v. American Dairy Queen Corp.*, 58 F.3d 1063, 1065 (5th Cir. 1995) ,*cert. denied*, 64 U.S.L.W. 3450, 1995 WL 625562 (1996). Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions of file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A "dispute about a material fact is `genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). For purposes of the summary judgment determination, all fact questions are viewed in the light most favorable to the nonmovant. *Hassan v. Lubbuck Indep. Sch. Dist.*, 55 F.3d 1075, 1078 (5th Cir.), *cert. denied*, 116 S. Ct. 532 (1995). But only materials which were included in the pretrial record and that would have been admissible evidence may be considered. *See Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987). Questions of law are always reviewed de novo. *Gulf States Ins. Co. v. Alamo Carriage Serv.*, 22

3

F.3d 88, 90 (5th Cir. 1994).


                A. AGE DISCRIMINATION IN EMPLOYMENT

1. INDIVIDUAL LIABILITY UNDER THE ADEA

     The district court granted summary judgment in favor of
Burmaster on plaintiffs' age discrimination claims, holding that
the ADEA provides no basis for relief against supervisory personnel
in their individual capacities.  The plaintiffs contend that this
holding was in error.  We disagree.

     The ADEA makes it unlawful for an employer to discriminate
against an individual on the basis of age.  29 U.S.C. § 623 (a).
Under the ADEA, the term "employer" means a person "engaged in an
industry affecting commerce who has twenty or more employees for
each working day in each of twenty or more calendar weeks in the
current or preceding calendar year . . . ."  29 U.S.C. § 630 (b).
"Employer" also includes "any agent of such a person . . . ." *Id.*
The plaintiffs argue that the inclusion of the employer's agents in
the definition of "employer" indicates that Congress intended to
allow claims against supervisory personnel, like Burmaster, in
their individual capacities.

     The Fourth Circuit and the Ninth Circuit have already
considered and rejected this argument. *Birkbeck v. Marvel Lighting
Corp.*, 30 F.3d 507, 510-11 (4th Cir.), *cert. denied*, 115 S. Ct. 666
(1994); *Miller v. Maxwell's International Inc.*, 991 F.2d 583, 587-
88 (9th Cir. 1993), *cert. denied*, 114 S. Ct. 1049 (1994).  The
Fourth Circuit noted that "[s]uch personal liability would place a

4

heavy burden on those who routinely make personnel decisions for enterprises employing twenty or more persons, and we do not read the statute as imposing it. Instead, we read § 630 (b) as an unremarkable expression of respondeat superior--that discriminatory personnel actions taken by an employer's agent may create liability for the employer." *Birkbeck*, 30 F.3d at 510. The Ninth Circuit observed that

> [t]he statutory scheme itself indicates that congress did not intend to impose individual liability on employees. Title VII limits liability to employers with fifteen or more employees, and the ADEA limits liability to employers with twenty or more employees, in part because Congress did not want to burden small entities with the costs associated with litigating discrimination claims. If Congress decided to protect small entities with limited resources from liability, it is inconceivable that Congress intended to allow civil liability to run against individual employees.

*Miller*, 991 F.2d at 587.

Rejecting a similar argument, this court recently held that an individual supervisor who does not otherwise qualify as an employer cannot be held liable for a violation of Title VII. *Grant v. Lone Star Co.*, 21 F.3d 649, 651-53 (5th Cir.), *cert. denied*, 115 S. Ct. 574 (1994). In doing so, we cited for support the Ninth Circuit's reasoning in *Miller*. 21 F.3d at 652. The statutory scheme of Title VII at issue in *Grant* is virtually identical to the statutory scheme of the ADEA at issue here. Both acts limit liability to employers with more than a minimum number of employees, and both define "employer" to include agents of the employer. The plaintiffs have directed us to no salient distinction between the ADEA and its closest statutory kin, and we have found none.

5

Therefore, we find that this Court's reasoning in *Grant* applies with equal force in the present context and hold that the ADEA provides no basis for individual liability for supervisory employees.

2. ADEA CLAIMS AGAINST CONOCO, INC.

The district court granted summary judgment in favor of Conoco on all of plaintiffs' claims, noting that plaintiffs had not filed a response to Conoco's Motion for Summary Judgment at the time the motion was granted. The party moving for summary judgment bears "the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of `the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986)), *cert. denied*, 113 S. Ct. 98 (1992). However, the movant does not need to negate the elements of claims on which the nonmoving parties would bear the burden of proof at trial. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *Skotak*, 953 F.2d at 913.

The movant's burden is "only [to] point out the absence of evidence supporting the nonmoving party's case." *Skotak*, 953 F.2d at 913 (quoting *Latimer v. Smithkline & French Laboratories*, 919 F.2d 301, 303 (5th Cir. 1990)). "If the moving party fails to meet

6

this initial burden, the motion must be denied, regardless of the nonmovant's response. If the movant does, however, meet this burden, the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075. To meet this burden, the nonmovant must "identify specific evidence in the record, and articulate the `precise manner' in which that evidence support[s] [its] claim[s]." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 115 S. Ct. 195 (1994). As to material facts on which the nonmovant "will bear the burden of proof at trial, the nonmovant must come forward with evidence which would be sufficient to enable it to survive a motion for directed verdict at trial." *Skotak*, 953 F.2d at 913. "If the nonmoving party fails to meet this burden, the motion for summary judgment must be granted." *Tubacex*, 45 F.3d at 954; *Little*, 37 F.3d at 1076.

Reviewing the summary judgment determination *de novo*, as we do, we must first ask whether Conoco met its burden of demonstrating the absence of a genuine issue of material fact. In its motion for summary judgment, Conoco assumed that the plaintiffs had shown the elements of a prima facie case.[2] Instead of

---

2. To establish a prima facie case in an ADEA case, a plaintiff generally must demonstrate that he or she (1) was discharged; (2) was qualified for the position; (3) was within the protected age class--over 40--at the time of discharge; and (4) was replaced by a younger person, or a person outside the protected age class, or otherwise was discharged because of his or her age." *Moore v. Eli Lilly & Co.*, 990 F.2d 812, 815 (5th Cir.), *cert. denied*, 114 S. Ct. 467 (1993); *Elliott v. Group Medical & Surg. Serv.*, 714 F.2d 556 (5th Cir. 1983), *cert. denied*, 467 U.S. 1215

attacking the elements of the prima facie case, Conoco presented evidence of nondiscriminatory reasons for the plaintiffs' terminations. Conoco argued that its summary judgment evidence demonstrated legitimate reasons for its employment actions, and that Stults and Wallace had not produced any evidence of pretext or discriminatory animus.

In a discrimination case, the plaintiff's prima facie case creates a rebuttable presumption of discrimination that shifts the burden of production to the defendant to articulate a legitimate, nondiscriminatory reason for the questioned employment action. *Bienkowski v. American Airlines, Inc.*, 851 F.2d 1503, 1505 (5th Cir. 1988). With its motion for summary judgment, Conoco submitted evaluations and termination reports regarding both Stults and Wallace that supported its claim that the plaintiffs were terminated for performance deficiencies. In addition, Conoco submitted portions of relevant depositions that demonstrated the lack of evidence that its nondiscriminatory reasons were mere pretext or that its employment actions were actually motivated by age discrimination. Given this showing, we must agree with the district court that Conoco adequately demonstrated the absence of a material fact issue on the plaintiffs' age discrimination claims.

When the employer articulates a legitimate nondiscriminatory reason, and produces competent summary judgment evidence in support, as Conoco did in this case, the presumption created by the prima facie case disappears and "the burden reverts to the

_____

(1984).

8

plaintiff to prove that the employer's reason[] [is] pretextual." *Moore*, 990 F.2d at 815 (quoting *Normand v. Research Inst. of Am., Inc.*, 927 F.2d 857, 859 (5th Cir. 1991)). "The trier of fact may not disregard the defendant's explanation without countervailing evidence that it was not the real reason for the discharge." *Guthrie v. TIFCO Industries*, 941 F.2d 374, 377 (5th Cir. 1991), *cert. denied*, 503 U.S. 908 (1992).

The plaintiff at all times retains the burden of persuading the trier of fact that impermissible discrimination motivated the adverse employment decision. *Bienkowski*, 851 F.2d at 1505. Therefore, to overcome a properly supported motion for summary judgment, the plaintiff must produce sufficient evidence to create a genuine issue of material fact on this ultimate question. Thus, in the present case, Stults and Wallace bore the burden of producing evidence that would allow a rational factfinder to make a reasonable inference that age was a determinative reason for the employment decision. *Rhodes v. Guiberson Oil Tools*, -- F.3d --, 1996 WL 37846 at *3 (5th Cir. 1996) (en banc).

On appeal, the plaintiffs contend that there was sufficient evidence to create a genuine issue of material fact. However, plaintiffs filed no timely response to Conoco's motion for summary judgment. As we have noted before, "[r]ule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Forsyth*, 19 F.3d at 1537 (quoting *Skotak*, 953 F.2d at 915 & n.7). "Nor is it our duty to do so on appeal." *Id.* Because plaintiffs

filed no timely response, they did not meet their burden to "designate `specific facts showing that there is a genuine issue for trial'." *Id.* (quoting *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553). Therefore, the district court's order granting summary judgment in favor of Conoco was entirely appropriate.

In their argument to this Court, the plaintiffs rely heavily on the affidavit of Danise Chatham to support their allegations of discriminatory animus. However, this affidavit was not made a part of the summary judgment record. "Although on summary judgment the record is reviewed *de novo*, this court for obvious reasons, will not consider evidence or arguments that were not presented to the district court for its consideration in ruling on the motion." *Skotak*, 953 F.2d at 915 (citing *Nissho-Iwai American Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir. 1988)).

The plaintiffs argue that the district court abused its discretion in refusing to allow them to make the Chatham affidavit a part of the summary judgment record, but this contention is without merit. The plaintiffs first offered the Chatham affidavit with a supplementary response to Burmaster's motion for summary judgment. The district court properly denied the plaintiffs' request to file the supplementary response because it was not pertinent to the basis for Burmaster's motion, i.e. the lack of individual liability under the ADEA.

The plaintiffs also offered the Chatham affidavit with a purported response to Conoco's motion for summary judgment after the district court had already entered summary judgment in Conoco's

10

favor. This "response" did not become a part of the summary judgment record because it was untimely. The plaintiffs attempt to avoid this result by arguing that they should have been allowed more time to respond under Rule 56(f) of the Federal Rules of Civil Procedure.[3]  However, plaintiffs never made a motion for a continuance under Rule 56(f). "To obtain a continuance of a motion for summary judgment in order to obtain further discovery, a party must indicate to the court by some statement, preferably in writing (but not necessarily in the form of an affidavit), why he needs additional discovery and *how* the additional discovery will create a genuine issue of material fact." *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993).  The plaintiffs gave the district court no sufficient indication of the need for additional discovery.  Indeed, on appeal the plaintiffs make no attempt to show that additional discovery would have allowed them to demonstrate a genuine issue of material fact.  Thus, this argument is completely without merit.

B. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The district court also dismissed the plaintiffs' claims for

---

3.  Fed. R. Civ. P. 56(f) provides:

Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

11

intentional infliction of emotional distress, holding that they had not come forward with any evidence to support a finding of outrageous conduct or that either of them had suffered severe emotional distress.  To recover for intentional infliction of emotional distress Stults and Wallace bore the burden of establishing that the defendants acted intentionally or recklessly, that the defendants' conduct was extreme and outrageous, that the defendants' actions caused them emotional distress, and that the emotional distress was severe.  *Danawala v. Houston Lighting & Power Co.*, 14 F.3d 251, 256 (5th Cir. 1993) (citing *Twyman v. Twyman*, 855 S.W.2d 619, 621-22 (Tex. 1993)).  "Outrageous conduct is that which `[goes] beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'"  *Id.* (quoting *Wornick Co. v. Casas*, 856 S.W.2d 732, 734 (Tex. 1993) (quoting RESTATEMENT (SECOND) OF TORTS § 46, cmt. d)).

Viewed in the light most favorable to the plaintiffs, the summary judgment evidence with regard to Stults shows that the discussion with Lutton occurred in an office so that Latham and Stults could speak more privately.  Burmaster did not do anything after Stults' termination to cause him emotional distress.  Stults did not see a doctor for treatment of emotional distress. Rather, he took aspirin.  With regard to Wallace, the summary judgment evidence shows that after he was terminated, Wallace met with Burmaster to explain his sixteen-year work record.  Burmaster sat with a smile or smirk on his face during the meeting.  Burmaster

12

promised to call Wallace, but never did.  Wallace felt distressed whenever he had to drive by a Conoco station.  Wallace never saw a doctor for treatment of emotional distress.

The plaintiffs point to no other evidence of outrageous conduct or severe distress.  On these facts, we must agree with the district court that no reasonable jury could find that these elements of intentional infliction of emotional distress were established.


## III. CONCLUSION

For the reasons given above, the judgment of the district court granting defendants' motions for summary judgment and dismissing plaintiffs' claims with prejudice is **AFFIRMED**.

13