**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 98-60451

THERESA ANN GATES,

Plaintiff - Appellant,

VERSUS

FORREST GENERAL HOSPITAL; VICKI FERNICOLA PEVSNER,
Individually and Officially

Defendants - Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi
(97-CV-201)

September 24, 1999

Before REAVLEY, HIGGINBOTHAM, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Theresa Gates appeals the district court's grant of summary judgment for the defendants dismissing with prejudice her claims under the Age Discrimination Employment Act (ADEA) and under 42 U.S.C. § 1983 for deprivations of First Amendment (free speech) and Fourteenth Amendment (liberty and property interests) protections.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

The claims arise from alleged adverse employment actions taken by the defendant employer Forrest General Hospital and the defendant supervisor Vicki Pevsner.

Having fully reviewed the briefs and the record and having heard oral argument by the parties, we affirm for substantially the reasons expressed by the district court in its memorandum opinion and order dated May 11, 1998, except for several elements with which we disagree that do not amount to reversible error.

With respect to the ADEA claims, in order to establish a prima facie case of age discrimination, Gates must demonstrate that she (1) was discharged; (2) was qualified for the position; (3) was within the protected age class -- over 40 -- at the time of discharge; and (4) was replaced by a younger person, or a person outside the protected age class, or otherwise was discharged because of her age. See Stults v. Conoco, Inc., 76 F.3d 651, 656 n.2 (5th Cir. 1996).

First, appellant's age discrimination claim that she was discharged in May 1996 from her position as Education Coordinator is without merit, as the district court properly found. Because only a small part of her duties as Education Coordinator were assigned to another employee already performing other duties as Therapy Coordinator, appellant cannot be considered as having been replaced by another employee. See Barnes v. GenCorp Inc., 896 F.2d 1457, 1465 (6th Cir.), cert. denied, 498 U.S. 878 (1990)(a person is not replaced when another employee is assigned to perform the

2

plaintiff's duties in addition to other duties).

Second, regarding the ADEA claim premised upon appellant's alleged discharge as full-time Outreach Coordinator, we differ with the trial court and find that appellant, through her own deposition testimony regarding her acceptance of an offer of that position in May 1996 and her expressed willingness to work year around in that position, has produced sufficient competent summary judgment evidence to establish a prima facie case, albeit controverted by deposition testimony of the defendants, of age discrimination relative to her discharge from that position in September 1996: (1) Gates was discharged; (2) she was qualified for the position; (3) she was within the protected class at the time of discharge (over 40 years of age); and (4) she was replaced (i) by someone outside the protected class and (ii) by someone who was younger. See Stults, 76 F.3d at 656 n.2. However, we agree with the district court that Gates has failed to produce sufficient evidence from which a reasonable jury could conclude that appellees' proffered legitimate and nondiscriminatory reasons for the discharge (i.e. that the replacement worker was more qualified by experience and by education, would cost less money to employ, and was happy to work summers) were mere pretext. In the record presented for summary judgment purposes, Gates testified to a single statement made to her by Pevsner to the effect that "you would make too much money if I let you work twelve months." Gates also testified to her own conclusion that Pevsner "had hired someone younger at a lower

salary to replace me."[2]  This evidence was not sufficient within the context of this case to create a reasonable inference that age was a determinative reason for the employment decision.[3]  Id. at 657 (citing Rhodes v. Guiberson Oil Tools, 75 F.3d 989, 994 (5th Cir. 1996) (en banc)).  For example, seven of nine Outreach Coordinators employed by Forrest General at the time of the employment action were within the protected class; Gates had been offered other full-time and part-time employment opportunities; and, Gates continued to work full-time through November 1996 and part-time through June 1997.  Moreover, employer decisions predicated upon salary considerations are not indicative of age discrimination.  Armedariz v. Pinkerton Tobacco Co., 58 F.3d 144, 152 (5th Cir. 1995).  Gates has failed to produce evidence from which it may be reasonably inferred that the defendants' proffered reasons were mere pretext.

Regarding appellant's First Amendment claim, we disagree with the district court that Gates's criticism of hospital co-employees for patient abuse and sexual misbehavior was necessarily

---

[2]Gates seeks to rely on her testimony quoted in her "record excerpts" to show that Pevsner said she could "hire a younger person for less money."  Gates's testimony to this effect, however, is not part of the summary judgment record.

[3]This was the only evidence of age discrimination attributed by Gates to Pevsner. Because age-related remarks are sufficient evidence of age discrimination only if uttered by the individual with authority over the employment decision at issue, See Brown v. CSC Logic, Inc., 82 F.3d 651, 655-56 (5th Cir. 1996), age-related statements by co-employees other than Pevsner, the supervising authority with control over personnel decisions such as hiring, firing, transfers, etc., are not relevant.

4

unprotected because it had not been made publicly or to the news media. However, even if it were assumed that her expressions were protected, Gates must also produce reasonably probative evidence that her speech caused the retaliatory employment decision about which she complains. See Jones v. Collins, 132 F.3d 1048, 1053 (5th Cir. 1998). Gates failed in this respect. Given the temporal remoteness of the "speech" (1994) from the "constructive discharge" (June 1997), as well as the intervening superlative personnel evaluations and offers of employment in various capacities, a reasonable trier of fact could not find a causal link between the two events. The same is true even if the May 1996 alleged discharge as Education Coordinator or the September 1996 alleged discharge as Outreach Coordinator are considered as the end points for causation analysis purposes. The expression at issue was too remote from the employment decisions complained of to support a reasonable inference of causation.

For the foregoing reasons, the district court grant of summary judgment in favor of appellees is AFFIRMED.