IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
Summary Calendar

TYREE W. BROWN,

Plaintiff-Appellant,

versus

DOW CHEMICAL COMPANY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:01-CV-27-LN
--------------------
January 10, 2003

Before  JOLLY, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Tyree Brown appeals the district court's grant of summary judgment and order denying FED. R. CIV. P. 60(b)(2) relief for lack of jurisdiction.  Brown argues that the district court erred in three respects: granting summary judgment for lack of causation when the court limited discovery to the statute of limitations issue, denying his motion for a continuance to

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conduct discovery, and dismissing his FED. R. CIV. P. 60(b)(2) motion for lack of jurisdiction.

The district court properly granted summary judgment in Dow's favor. After Dow presented its experts' affidavits to demonstrate the lack of causation, Brown failed to meet his burden of presenting affidavits of his experts or other evidence to create a genuine issue of material fact. See, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

The district court did not abuse its discretion in denying Brown's request for additional discovery, as Brown neither demonstrated specifically how the requested discovery pertained to the pending motion nor diligently pursued relevant discovery. See, e.g., Stults v. Conoco, Inc., 76 F.3d 651, 657-58 (5th Cir. 1996); Chevron U.S.A., Inc. v. Traillour Oil Co., 987 F.2d 1138, 1155-56 (5th Cir. 1993). Moreover, even with limited discovery, Brown had access to his medical records and was free to submit his own expert's affidavit to create an issue of material fact.

The district court did not abuse its discretion in dismissing Brown's FED R. CIV. P. 60(b)(2) motion for relief from judgment based on newly-discovered evidence, as a notice of appeal divests the district court of jurisdiction "except to take action in aid of the appeal until the case is remanded to it by the appellate court, or to correct clerical errors under Rule 60(a)." See, e.g., Travelers Ins. Co. v. Liljeberg Enters., Inc., 38 F.3d 1404, 1408, n.3 (5th Cir. 1994).

Dow has not filed a separate motion requesting sanctions and the court will not impose sanctions sua sponte in this case; thus, Dow's request for award of sanctions is denied.  <u>See</u>, <u>e.g.</u>, <u>Casas v. American Airlines, Inc.</u>, 304 F.3d 517, 526-27 n.13 (5th Cir. 2002).

AFFIRMED.