United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 3, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03 – 30529
SUMMARY CALENDAR

_____

LAWRENCE ALFORD

Plaintiff - Appellant

v.

KELLY WARD; RAY HANSON; JAMIE FUSSELL,

Defendants - Appellees

_____

On Appeal from the United States District Court for the
Western District of Louisiana
(01-CV-1891)

_____

Before REYNALDO G. GARZA, DAVIS, and BARKSDALE, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

In this appeal we review the district court's decision granting Defendants - Appellees'

motion for summary judgment on Plaintiff - Appellant, Lawrence Alford's (hereinafter, "Alford"),

claims under 42 U.S.C. § 1983. For the following reasons, we affirm the district court's decision.

I.

_____

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

-1-

FACTUAL AND PROCEDURAL BACKGROUND

On December 17, 1998, Alford was involved in an altercation with another prisoner, Rodney James (hereinafter, "James"), in which Alford stabbed James. Shortly after the altercation, Alford began reporting to prison officials that James was threatening him. On December 29, 1998, Alford wrote a letter to Defendants-Apellees, Kelly Ward, Ray Hanson, and Jamie Fussell (hereinafter collectively, "prison officials"), informing them of James' threats and requesting a transfer to another facility. Alford also filed an administrative grievance regarding the threats. Prison officials responded to Alford's complaints by stating that because Alford was on extended lockdown and was escorted by security each time he was out of his cell block, he was as safe as possible.

On May 21, 2001, Alford was told that he was being assigned to the another cell block because he was leaving lockdown. At that time, Alford did not inform security personnel of his need for protection from James or file a written request pursuant to the prison facility's internal protection procedures. On May 23, 2001, Alford was placed in the same cell block as James, where James attacked and injured Alford. Alford subsequently filed this action pursuant to 42 U.S.C. § 1983, claiming that prison officials failed to uphold their Eighth Amendment duty to protect him from another inmate. The district court granted Defendant-Appellees' motion for summary judgement, ruling that prison officials had not been advised of Alford's safety concerns in the two years prior to the housing assignment and attack. The court concluded that prison officials did not exhibit deliberate indifference towards Alford's safety. This appeal timely followed.

## II.

## STANDARD OF REVIEW

We review the district court's grant of summary judgment de novo. *Stults v. Conoco, Inc.*, 76 F.3d 651, 654 (5th Cir. 1996). Summary judgment is proper if, viewing the facts in favor of the nonmovant, there is no genuine issue of material fact. FED. R. CIV. P 56(c). All inferences that can be made from the facts are made in favor of the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## III.

## DELIBERATE INDIFFERENCE STANDARD

Prison officials have a duty under the Eighth Amendment to protect inmates from violence at the hands of other inmates. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). But not every injury suffered by one inmate at the hands of another inmate gives rise to constitutional liability for prison officials. *Id.* at 834. Prison officials violate the Eighth Amendment when: 1) the inmate shows that he is incarcerated under conditions posing a substantial risk of serious harm, and 2) prison officials act with deliberate indifference. *Id.* at 834; *Neal v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995). Prison officials act with deliberate indifference when they know of and disregard an excessive risk to an inmate's health or safety. *Farmer*, 511 U.S. at 837. The prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and they must also draw that inference. *Id.*

Alford's summary judgment evidence is insufficient to create a genuine issue of fact as to whether prison officials acted with deliberate indifference when they transferred Alford to the same cell block as his assailant. The latest documented complaint of James' threats was on

December 29, 1999. One and one-half years passed between Alford's last documented complaint and the transfer. The failure by prison officials to remember Alford's complaints and perceive a risk is not sufficient to support Alford's Eighth Amendment claim. *Id.* at 838.

IV.

CONCLUSION

For the foregoing reasons, we affirm the district court's decision.