United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 04-40721
_____

SONIA BOONE,

Plaintiff - Appellant,

versus

GALVESTON INDEPENDENT SCHOOL DISTRICT,

Defendant - Appellee.
_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:03-CV-102
_____

Before REAVLEY, JOLLY, and PRADO, Circuit Judges.

PER CURIAM:[*]

Sonia Boone appeals the district court's grant of Galveston Independent School District's ("GISD") Motion for Summary Judgment on her compensation discrimination claim. She also appeals the district court's assessment of sanctions.

Boone filed a lawsuit in which she alleged unlawful racial discrimination in GISD's compensation of her relative to its compensation of Sergio Ramirez. The district court granted GISD's Motion for Summary Judgment after finding that, although Boone had made a prima facie case of compensation discrimination, she could

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not show evidence that GISD's proffered, non-discriminatory reason for the unequal treatment, namely, Boone's lack of the required certificate for the particular position, was a pretext for discrimination. The district court dismissed Boone's claim with prejudice and assessed sanctions against her attorney, Anthony P. Griffin, and his law firm, Anthony P. Griffin, Inc., because it concluded that "[e]ven a minimal investigation into the facts of this case would have revealed the abject frivolity of all of [Boone]'s claims." The district court imposed sanctions in the amount of $17,776.25, the cost to GISD of defending the case.

Boone relies on Williams v. Galveston Ind. Sch. Dist., 256 F.Supp. 2d 668 (S.D. Tex. 2003), aff'd, 78 Fed. Appx. 946 (5th Cir. 2003), to argue that the district court improperly focused on the relative qualifications of Ramirez and Boone, instead of on their relative responsibilities, which were equivalent. This argument is meritless. The Williams court ruled that the plaintiffs had not established a prima facie case of wage discrimination because their job responsibilities were not substantially similar to those of the directors who were not members of the protected class. Here, however, the district court found that Boone had established a prima facie case of wage discrimination. The difference between Ramirez's and Boone's qualifications served as a legitimate, non-discriminatory reason for the disparate treatment, which Boone cannot rebut. Therefore, the district court was correct in

2

granting GISD's Motion for Summary Judgment.

The next question in this appeal is whether the district court abused its discretion in assessing Rule 11 sanctions against Boone's attorney, Anthony P. Griffin, and his law firm. Boone argues that the sanctions were inappropriate because her claim was not baseless. As we have already determined that Boone's claim was clearly without merit, and because we agree with the district court's conclusion that a reasonable investigation would have revealed to Griffin the "abject frivolity" of his arguments on the merits, we hold that the district court did not abuse its discretion in imposing Rule 11 sanctions.[**]

Therefore, the district court's granting of GISD's Motion for Summary Judgment and imposition of Rule 11 sanctions against Anthony P. Griffin and Anthony P. Griffin, Inc. are

AFFIRMED.

---

[**]Boone also argues that the district court erred in failing to provide time for Boone to file a Motion to Continue Summary Judgment pursuant to Fed. R. Civ. P. 56(f) when it granted GISD's summary judgment motion just one day after GISD filed its response to Boone's discovery objections. We note, however, that Boone could have moved for a continuance at any time in the summary judgment process, but she failed to do so. Furthermore, Boone does not demonstrate that the additional discovery would have created a genuine issue of material fact. See Stults v. Conoco, Inc., 76 F.3d 651, 657-58 (5th Cir. 1996).