United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 1, 2005**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

———————

m 04-20578
Summary Calendar

———————

JEWEL MCADAMS,

Plaintiff-Appellant,

VERSUS

CITY OF HUNTSVILLE, WALKER COUNTY, TEXAS,

Defendant-Appellee.

———————————

Appeal from the United States District Court
for the Southern District of Texas
m 4:03-CV-1353

———————————

Before DAVIS, SMITH, and DENNIS,
  Circuit Judges.

PER CURIAM:[*]

———————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Pro se* plaintiff Jewel McAdams was terminated from her employment with the City of Huntsville, Texas, after allegedly stealing money from a cash drawer. After an investigation that included polygraph examinations and the conclusion that there had been a pattern of missing funds when McAdams was working, she was terminated. After filing a charge of discrimination with the Texas Commission on Human Rights, she sued the city, alleging race

discrimination and the violation of her constitutional right against self incrimination.[1]

As the district court noted, however, "Other than filing this suit, McAdams has not engaged in steps necessary to prosecute it." McAdams failed to respond to requests for admissions and otherwise neglected to conduct any discovery or place any evidence in the record. Consequently, on the city's motion for summary judgment, the district court dismissed McAdams's claims and entered judgment in favor of Huntsville. The court then granted McAdams's motion to proceed *in forma pauperis* for purposes of appeal. McAdams later filed a "Motion To Appeal Petition to Dismiss," which the district court treated as a notice of appeal.[2]

## I.

Pending before this court is McAdams's "Motion for Transcript," which requests an order directing the city to provide her with a copy of the transcript of her grievance hearing held by the city council. We treat this motion as tantamount to a motion to compel. This court is not the correct forum in which to conduct discovery. The proper method for pursuing this evidence would have been the filing of a similar motion in the district court before the discovery cut-off deadline. *See* FED. R. CIV. P. 37(a); 16(b). A court of appeals will not consider evidence not presented to the district court. *Stults v. Conoco, Inc.*, 76 F.3d 651, 657 (5th Cir. 1996). McAdams's

motion is therefore denied.

## II.

In its motion for summary judgment, the city contended that McAdams had failed to establish even a *prima facie* case of discrimination, and even assuming, *arguendo*, that such a case could be made, it argued that it has provided a legitimate non-discriminatory reason for McAdams's termination. As the district court noted, the city "presented evidence as to the basis for its conclusion that McAdams had taken money from her cash drawer." McAdams, on the other hand, "failed to show any disputed facts supporting her claim that the City did not actually believe that allegation but instead used it as a pretext for an otherwise discriminatory dismissal." Because McAdams raised no genuine issues of material fact, summary judgment was appropriate.

Similarly, McAdams failed to enter into the record any evidence supporting her claims of deprivation of her Fifth Amendment or due process rights under 42 U.S.C. § 1983. Those claims were also, therefore, properly dismissed.

On appeal, McAdams argues that her failure to respond to repeated discovery requests and to the city's motion for summary judgment was the result of her eviction from her home and therefore constituted excusable neglect.[3] Nevertheless, the record reflects that either the plaintiff or someone else named "McAdams" signed for all of the relevant correspondence, including the Joint Case Management Plan,

---

[1] Although McAdadams's complaint did not explicitly reference the operative statutes, the city and the court have interpreted McAdams's complaint as alleging violations of title VII, 42 U.S.C. § 2000e-(a)(1), and 42 U.S.C. § 1983.

[2] A panel of this court denied the city's motion to dismiss this appeal for lack of jurisdiction.

[3] There is no evidence in the record to confirm this claim, and it does not appear that McAdams ever raised this issue with the district court before entry of judgment.

discovery requests, and motion for summary judgment. In the end, regardless of her lack of response to correspondence, McAdams never provided any evidence to support her claims.

The judgment is AFFIRMED, and all pending motions are DENIED.