# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 29, 2013

No. 12-40545
Summary Calendar

Lyle W. Cayce
Clerk

JENNIFER BUTLER

Plaintiff–Appellant

v.

TAMMY WEPPELMAN, in her individual and official capacities,

Defendant–Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:09-CV-402

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Plaintiff–Appellant Jennifer Butler appeals the dismissal on summary judgment of her 42 U.S.C. § 1983 suit against Defendant–Appellee Tammy Weppelman for false arrest. The district court held that Weppelman was entitled to qualified immunity. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-40545

## I.  FACTUAL AND PROCEDURAL BACKGROUND

This appeal stems from Butler's involuntary detention following her suicide attempt in September 2008.  According to the record, on September 18, Butler drove to a lake near Denton, Texas, and ingested large doses of two prescription medications and half of a bottle of vodka.  Earlier in the day she had e-mailed various account passwords to her mother, with the message, "Just in case."  After she had ingested the medication and alcohol, Butler called a friend and told her what she had done.  The friend alerted emergency medical personnel, who arrived in time to take Butler to the hospital, where she was treated.  At the hospital, Tammy Weppelman and Veronica Armendariz, both employees of the Denton County Mental Health and Mental Retardation Center ("MHMR"), conducted an emergency mental health screening and diagnostic assessment of Butler.  The MHMR employees concluded Butler was an ongoing suicide risk, but the Denton County Sheriff's Office disagreed with their medical recommendation that Butler receive inpatient treatment and did not take her into custody.  Instead, Butler was released that evening to her boyfriend's care after he signed a statement in which he agreed to guarantee her safety for twenty-four hours.  Butler was to return the next morning for further evaluation by MHMR professionals.

At her appointment the next day, Butler told two MHMR employees that MHMR had been "stupid" for releasing her into her boyfriend's custody the night before, as she had been waiting for him to fall asleep in order to make another suicide attempt.  The two MHMR employees informed Weppelman of Butler's statement.  Butler was re-screened by the Denton County Sheriff's Office, which again recommended her release, despite noting in the screening document that Butler likely posed a danger to herself.  Weppelman and MHMR's Chief Operations Officer, Pam Gutierrez, disagreed with the recommendation to release Butler, and believed emergency detention was required to ensure

2

No. 12-40545

Butler's safety. Accordingly, Weppelman prepared an Application for Temporary Mental Health Services, which stated, inter alia, that Butler had committed various "overt acts" consistent with a suicide attempt, that she had planned to make another attempt while in the custody of her boyfriend, that she was mentally ill and likely to cause serious harm to herself or others, and that she had not shown remorse for her actions. Weppelman submitted the Application to an associate judge at the Denton County Probate Court, who determined probable cause existed for the issuance of a Magistrate's Warrant for Butler's arrest. Butler was then taken from her apartment and confined to a mental health facility for several days.

After her release, Butler brought suit against Weppelman and another MHMR employee in both their individual and official capacities, alleging "42 U.S.C. § 1983 false arrest and imprisonment," civil conspiracy, and intentional infliction of emotional distress. The district court granted motions to dismiss with respect to all of Butler's claims except the § 1983 false arrest claim against Weppelman in her individual capacity. After discovery, Weppelman filed a motion for summary judgment, claiming qualified immunity on the basis of her employer's status as a unit of local government under Texas law. The magistrate judge assigned to the case issued a Report and Recommendation advocating dismissal of Butler's claim on the grounds that probable cause for the arrest existed, and Weppelman was therefore entitled to qualified immunity. The district court adopted the magistrate's Report and Recommendation, and Butler timely appealed.

## II.  DISCUSSION

This court reviews the grant of summary judgment de novo, applying the same standards as the district court. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). Summary judgment is appropriate if the moving party establishes that there are no genuine issues of material fact and that the moving party is

entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). However, "[a] qualified immunity defense alters the usual summary judgment burden of proof." *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010). Once a government official has asserted qualified immunity in good faith, the burden shifts to the plaintiff to show that summary judgment in favor of the official is not warranted. *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007).

The doctrine of qualified immunity shields government officials performing discretionary functions from civil damages liability as long as their actions "could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton*, 483 U.S. 635, 638 (1987). There are two prongs to the qualified immunity inquiry. *Michalik v. Hermann*, 422 F.3d 252, 257–58 (5th Cir. 2005). First, the court asks whether an official's conduct violated a constitutional right of the plaintiff. *Brown*, 623 F.3d at 253. Second, it asks whether that right was clearly established at the time of the alleged violation. *Id.* The court may conduct the two-pronged inquiry in any order, *see Pearson v. Callahan*, 555 U.S. 223, 236 (2009), and may rely on either prong of the defense in its analysis, *Manis v. Lawson*, 585 F.3d 839, 843 (5th Cir. 2009).

We begin—and end—our inquiry with a determination of whether Weppelman's conduct violated one of Butler's constitutional rights. "[A] Fourth Amendment violation may be established where an officer intentionally, or with reckless disregard for the truth, includes a false statement in a warrant's application. Likewise, the intentional or reckless omission of material facts from a warrant application may amount to a Fourth Amendment violation." *Kohler v. Englade*, 470 F.3d 1104, 1113 (5th Cir. 2006). Butler alleges that Weppelman made numerous false statements in her Application for Temporary Mental Health Services that served as the basis for the Magistrate's Warrant. Butler does not appear to question that if the statements made in the Application were accurate, probable cause for her arrest existed. Our review is thus limited to

whether the statements were false and if so, if they were intentionally or recklessly made.

The summary judgment standard requires that Butler offer evidence beyond the allegations in her pleadings that Weppelman intentionally or recklessly made false statements in the Application she submitted to the associate judge. *See Ontiveros v. City of Rosenberg*, 564 F.3d 379, 382 (5th Cir. 2009) ("To negate a defense of qualified immunity and avoid summary judgment, the plaintiff need not present absolute proof, but must offer more than mere allegations." (internal quotation marks omitted)); *cf. Stults v. Conoco, Inc.*, 76 F.3d 651, 655–56 (5th Cir. 1996) (noting that once the moving party has made a properly supported motion for summary judgment, the nonmoving party must "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial").

Butler has offered no such evidence. The statements in the Application that Butler specifically cites as "false" are the representations that Butler was likely to cause harm to herself, that she was suffering from severe mental or emotional distress, that she was experiencing substantial deterioration of her ability to function independently, that she was unable to make an informed decision about whether to submit to treatment, and that she would be unable to effectively participate in outpatient treatment services. These representations are largely unfalsifiable statements of opinion, and given the circumstances and Butler's admission that she had wanted to attempt suicide again, the representations were well within Weppelman's discretion to make. More importantly, Butler has produced no evidence suggesting that Weppelman did not reasonably believe those statements to be true. That the Denton County Sheriff's Office merely disagreed with the proper course of treatment is not evidence that the statements in the Application were false, much less that Weppelman intentionally or recklessly included them. Butler therefore suffered

5

no Fourth Amendment violation, and fails the first prong of the qualified immunity inquiry.  The district court was correct in granting Weppelman's summary judgment motion.

## III.  CONCLUSION

For the foregoing reasons, we AFFIRM the district court's judgment for Appellee.