# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-10463
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 28, 2014

Lyle W. Cayce
Clerk

NEIL GILLESPIE; ONA GILLESPIE,

Plaintiffs-Appellants

v.

BAC HOME LOANS SERVICING, L.P.; FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CV-388

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Neil Gillespie and Ona Gillespie have appealed the district court's orders granting the motion to dismiss of the Federal National Mortgage Association (Fannie Mae) and the motion for summary judgment of BAC Home Loans Servicing, L.P. (BAC). In their second amended complaint, the appellants complained that their home was placed in foreclosure proceedings,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

notwithstanding their participation in the Home Affordable Modification Program.

The appellants contend for the first time on appeal that BAC has "unclean hands" because it has "acted deceptively and fraudulently since the inception of this case and throughout these proceedings." In reviewing an order granting summary judgment, we will not consider arguments that were not presented to the district court. *Stults v. Conoco, Inc.*, 76 F.3d 651, 657 (5th Cir. 1996). In any event, the appellants have not shown that the doctrine of unclean hands is relevant to the disposition of an issue in this appeal. *See Bagby Elevator Co., Inc. v. Schindler Elevator Corp.*, 609 F.3d 768, 774 (5th Cir. 2010).

The appellants contend that the district court erred in granting BAC's motion for summary judgment with respect to their breach-of-contract claim. We review de novo a grant of summary judgment, applying the same standard as the district court. *Nickell v. Beau View of Biloxi, LLC*, 636 F.3d 752, 754 (5th Cir. 2011). "The [district] court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

Under the state statute of frauds, "[a] loan agreement in which the amount involved in the loan agreement exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative." TEX. BUS. & COMM. CODE ANN. § 26.02(b) (West 2009); *see also Martins v. BAC Home Loans Servicing, LP*, 722 F.3d 249, 256-57 (5th Cir. 2013) (purported agreement to modify mortgage loan governed by statute of frauds).

The appellants do not contend that they had a written agreement with BAC to modify their loan. Instead, they contend that BAC orally promised to

No. 13-10463

modify the loan and that they relied on that promise.  Their argument, liberally construed, is that BAC was barred from foreclosing by promissory estoppel. *See Martins*, 722 F.3d at 256.  For the doctrine of promissory estoppel to apply in this context, however, a borrower would have to present evidence of a promise on the part of the lender or its agents to sign a written agreement, which had been prepared and which would satisfy the requirements of the statute of frauds.  *Id.* at 256-57.  There is no evidence of such a promise in this case.  *See id.*  Because the appellants have not overcome the statute of frauds defense, they have not shown that the district court erred in granting summary judgment as to their breach-of-contract claim.  *See id.*

The appellants contend that the district court erred in dismissing their claims against Fannie Mae for violations of several sections of the Texas Finance Code.  *See generally* TEX. FIN. CODE ANN. §§ 392.301(a)(8), 392.304(a)(8), & 392.404(a) (West 2006).  We conduct a de novo review of the district court's grant of a Rule 12(b)(6) motion.  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

Given that the appellants have not shown that BAC's actions were wrongful, they cannot show, based on their conclusional assertion that Fannie Mae was aware of BAC's conduct, that the district court erred in concluding that the appellants had failed to allege that Fannie Mae violated sections 392.301(a)(8) and 392.304(a)(8) of the Finance Code.  *See Iqbal*, 556 U.S. at 678.  The judgment is

AFFIRMED.