# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-30686

LUV N' CARE LIMITED,

      Plaintiff - Appellant

v.

ANGEL JUVENILE PRODUCTS, also known as Laredo, and /or doing business as Laredo; ANGEL JUVENILE PRODUCTS COMPANY LIMITED; ANGEL JUVENILE PRODUCTS ZHONG SHAN COMPANY LIMITED; SHANGHAI WEXIN JUVENILE COMPANY; LERADO CHINA LIMITED; LERADO INDUSTRIAL LIMITED; LERADO OVERSEAS LIMITED; LERADO GROUP LIMITED; PEACEFUL TRUST COMPANY LIMITED; LERADO GROUP (HOLDING) COMPANY LIMITED,

      Defendants - Appellees

United States Court of Appeals
Fifth Circuit

**FILED**
March 1, 2016

Lyle W. Cayce
Clerk

Appeals from the United States District Court
for the Western District of Louisiana

Before JONES, WIENER, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:*

Luv N' Care, a Louisiana-based children's products company, fell out with two of its exclusive distributors in Asia. On October 14, 2003, it sent a letter to those distributors—Angel Juvenile Products (Zhong Shan) Co., Ltd.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30686

and Peaceful Trust Company, Ltd., appellees here[1]—stating that unless they paid allegedly past-due royalty payments within fourteen days, their exclusive distribution agreements would be "voided." The distributors did not pay within fourteen days. Thereafter, Luv N' Care sued them in Louisiana state court for breach of the agreements. The distributors removed the case to federal court, where they won a partial summary judgment that the agreements had terminated fourteen days after the date of Luv N' Care's 2003 letter. This appeal followed.

We review de novo a district court's grant of summary judgment, applying the same legal standards as the district court. *Hemphill v. State Farm Mut. Auto. Ins. Co.*, 805 F.3d 535, 538 (5th Cir. 2015). Summary judgment is proper when the pleadings, the discovery and disclosure material on file, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. We do not consider "evidence or arguments that were not presented to the district court for its consideration in ruling on the motion." *Estate of Henson v. Wichita Cty., Tex.*, 795 F.3d 456, 469 n.8 (5th Cir. 2015) (quoting *Stults v. Conoco, Inc.*, 76 F.3d 651, 657 (5th Cir. 1996)).

The following facts come from summary judgment evidence in the record. Luv N' Care develops, manufactures, and sells children's products in over 150 countries around the world. In 2002, Luv N' Care granted Angel Juvenile the exclusive right to distribute its products in the People's Republic of China and Peaceful Trust the exclusive right to distribute its products in Taiwan. The parties signed written distribution agreements that set forth the terms of their

---

[1] Also appellees here are eight additional companies sued by Luv N' Care under a "single business enterprise" theory:  Angel Juvenile Products; Angel Juvenile Products Co., Ltd.; Shanghai Wexin Juvenile Co.; Lerado China Limited; Lerado Industrial, Ltd.; Lerado Overseas Ltd.; Lerado Group Ltd.; and Lerado Group (Holding) Company, Ltd. This opinion applies to all appellees.

arrangements. Except for the territories covered, the two agreements are identical.

Under the agreements, Angel Juvenile and Peaceful Trust committed to pay Luv N' Care royalties for the Luv N' Care products that they sold in their respective territories. The agreements also required the distributors to pay a minimum annual commission pegged to a minimum annual sales requirement, whether or not the distributors actually made any sales. The agreements were to run for an initial term of five years with the possibility of renewal. Each agreement also permitted Luv N' Care to terminate the agreement if the distributor breached the agreement, failed to meet the annual minimums, or failed to make payments.

Both agreements provided that Luv N' Care could effect termination by giving the distributor "written notice of . . . termination by registered mail." The agreements also provided that the effective date of termination would be "not less than 180 days after the date of receipt of the notice."

On October 14, 2003, Luv N' Care's CEO, Edward Hakim, sent a letter by email to Henry Huang—the "boss" of both Angel Juvenile and Peaceful Trust, according to Luv N' Care. In the letter, Hakim outlined various alleged violations of the agreements by both distributors, demanded payments under the agreements, and wrote: "If full payment is not received within 14 days of today then Luv n' care, Ltd. considers both contracts voided as of that date." Ten days later, Rich Wu responded to the notice on behalf of both distributors, explaining that he was "authorized by Henry to answer all your questions." Neither distributor made any payments.

Eight years later, in 2011, Luv N' Care sued Angel Juvenile in Louisiana state court, alleging, among other things, that Angel Juvenile had breached its distribution agreement. Luv N' Care sought as damages the minimum commissions for the entire five-year term of Angel Juvenile's distribution

agreement. Angel Juvenile removed the case to federal court. The district court permitted Luv N' Care to amend its complaint to add a claim for breach of the Peaceful Trust agreement and to add ten additional defendants (including Peaceful Trust), all allegedly operating as a "single business enterprise" under the control of Henry Huang.

The defendants moved for partial summary judgment on Luv N' Care's claim for minimum royalty payments accruing after October 28, 2003—the date fourteen days after the date of Hakim's letter stating that both agreements would be "voided" unless payment was received within fourteen days. The district court granted the motion, finding that Luv N' Care had terminated the agreements effective October 28, 2003, and holding that Luv N' Care could therefore not recover damages accruing after that date. The district court denied a motion to reconsider and certified its decision as final under Federal Rule of Civil Procedure 54(b). Luv N' Care now appeals, challenging the district court's determination that Hakim's letter terminated the agreements effective October 28, 2003. Luv N' Care did not challenge—either in its motion for reconsideration or in this appeal—the district court's underlying conclusion that Luv N' Care cannot seek damages accruing after the date of termination.

Luv N' Care first argues that the October 14 letter could not have terminated the agreements because the letter did not comply with the notice requirements set forth in the agreements. Luv N' Care contends that the contractual notice requirements were not met because the letter was delivered by email, not by registered mail, and was sent to Huang, not to the individual distributors. Under Louisiana law—which the parties agree applies here— when "adequate notice is in fact given and its receipt is not contested, technicalities of form may be overlooked." *Bd. of Comm'rs of Port of New Orleans v. Turner Marine Bulk, Inc.*, 629 So. 2d 1278, 1283 (La. Ct. App. 1993).

For example, in *City of New Orleans v. Cheramie*, 509 So. 2d 58, 61 (La. Ct. App. 1987), the Louisiana First Circuit Court of Appeals held that a mailed letter provided sufficient notice to terminate a contract when there was "no dispute that the letter was mailed and was received," even though the evidence in the record did not establish that the letter was delivered by "certified United States mail" as required by the parties' agreements. Here, Angel Juvenile and Peaceful Trust do not dispute that they received the emailed letter. Moreover, Luv N' Care has aggressively argued throughout this litigation that both Angel Juvenile and Peaceful Trust fall under the umbrella of companies run by Huang. Thus, Luv N' Care's failure to send the letter by registered mail or to the parties named in the agreements constitutes an error in "technicalities of form" that, in light of the letter's undisputed receipt, "may be overlooked." *Turner Marine*, 629 So. 2d at 1283. The district court correctly rejected this argument.

Luv N' Care also argues that, if the letter was effective to terminate the agreements, then the effective date of termination should be 180 days after the date of the letter (the end of the notice period specified by the agreements) and not 14 days after (the deadline for payment stated in the letter). Luv N' Care did not make this argument to the district court. In its response to the motion for partial summary judgment, Luv N' Care mentioned the effective-date provision only twice, and then only as part of its argument that the emailed letter did not comply the notice requirements set forth in the agreements. We will not consider an argument not presented to the district court for its consideration when ruling on the motion. *See Estate of Henson*, 795 F.3d at 470 n.8.

The judgment of the district court is AFFIRMED.