**Sherrial T. ST. AMANT, Plaintiff-Appellant,**

v.

**Ronald J. BENOIT and John H. Robichaux, Sr., Defendants-Appellees.**

**No. 86–3107**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Jan. 7, 1987.

---

Larry P. Boudreaux, Thibodaux, La., for plaintiff-appellant.

Thomas P. Anzelmo, McGlinchey, Stafford, Mintz, Cellini & Lang, New Orleans, La., Delbert G. Talley, Gretna, La., for Benoit.

Before CLARK, Chief Judge, GARWOOD and HILL, Circuit Judges.

ROBERT MADDEN HILL, Circuit Judge:

Sherrial T. St. Amant appeals from the ruling of the district court granting summary judgment to the defendants in his section 1983 action. We affirm.

## I.

Since our prior opinion in this case was unpublished, we restate the facts from that opinion. St. Amant filed suit against the Acting Chief of Police of the City of Thibodaux, Louisiana, Ronald J. Benoit, and the Mayor, John H. Robichaux, Sr., under 42 U.S.C. § 1983 and the Rehabilitation Act of 1973, 29 U.S.C. §§ 706 *et seq.* St. Amant was employed as a police officer by the City of Thibodaux until May 5, 1982, when he terminated his employment. He alleged that in February 1980 in the course of his employment he sustained a gunshot wound to his left shoulder. This injury prevented him from working until the spring of 1981. Upon returning to work, while assigned to duties as an Internal Affairs officer, he conducted an investigation that resulted in state and federal charges being brought against the Chief of Police, A.J. Rodrigue. Subsequently, St. Amant was assigned to work as a radio dispatcher. He alleges that this work aggravated the injury to his left shoulder, and that therefore he twice requested a transfer on January 18 and March 25, 1982, to another position from Acting Chief of Police Benoit from whom he received no response. St. Amant also sent copies of his requests for transfer to Mayor Robichaux. In a letter dated September 2, 1982, Mayor Robichaux informed St. Amant that he was no longer employed by the city primarily because he ceased

work without notification or explanation on May 5, 1982. The letter also noted that since the available medical reports showed that St. Amant could not perform his work as a patrolman and that there was no guarantee that he ever would be able to do so, the city could not hold his job open indefinitely.

St. Amant alleged that Chief Rodrigue had a close personal and political relationship with Mayor Robichaux and had been selected for the police chief position by the mayor. St. Amant also alleged that there was a close personal and political relationship between Acting Chief Benoit and Mayor Robichaux and that Benoit acted in concert with Robichaux in discriminating against him. St. Amant contends that the denial of the request for a transfer to a job that he could perform in view of his injury was politically discriminatory and violated other civil and constitutional rights. He pointed out that another officer who was injured at the same time and who was confined to a wheelchair was rehired as a desk sergeant.

The district court dismissed the suit for failure to state a claim upon which relief can be granted. *See infra* note 1. The Rehabilitation Act claim was dismissed on the ground that the Thibodaux Police Department did not receive federal financial assistance and was therefore not covered by the Act. *See* 29 U.S.C. § 794. The section 1983 claim was dismissed on the ground that the applicable statute of limitations had run when St. Amant filed suit on May 5, 1983, because he knew or should have known more than one year before he filed suit that his request for transfer had been denied. *See* La.Civ.Code Ann. art.

3536 (West 1953 & Supp.1985).[1] The district court reasoned that St. Amant's cause of action accrued when his continued assignment either appraised him or should have appraised him that his requests for transfer in January and March 1982 had been denied and therefore his suit was time-barred. We affirmed the dismissal of the Rehabilitation Act claim and reversed the dismissal of the section 1983 claim, remanding for a factual determination of the date when the cause of action accrued. *St. Amant v. Benoit,* (Table) 765 F.2d 141 (5th Cir.1985) (unpublished).

On remand, the district court found that the action accrued prior to May 5, 1982, and therefore that it had prescribed by the time St. Amant filed his complaint on May 5, 1983. Accordingly, the district court granted the defendants' motion for summary judgment. St. Amant appeals this ruling.

## II.

██ The standard for summary judgments is set out in rule 56 of the Federal Rules of Civil Procedure. Under Rule 56(c), summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The mere existence of a factual dispute does not by itself preclude the granting of summary judgment. "[T]he requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby,* 477 U.S. ——, ——, 106 S.Ct. 2505, 2510, 91

---

1. In *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), the Supreme Court considered the appropriate statute of limitations for section 1983 claims. The Court observed that most section 1983 claims may be characterized as analogous to a variety of state law actions with different statutes of limitations. 105 S.Ct. at 1946. In view of the problem such uncertainty poses for petitioners whose rights may turn on correctly identifying the analogous state statute of limitations, the Court concluded that 42 U.S.C. § 1988 required that the most

appropriate statute of limitations be selected under federal law for all section 1983 claims within a state. *Id.* at 1947. The Court held that the most appropriate statute of limitations for section 1983 claims is that governing personal injury actions in the state. *Id.* at 1947–48. The parties are in agreement that Louisiana's one-year statute of limitations applies to the present action. Article 3536, both in its previous and present versions, does apply to personal injury actions. *See* La.Civ.Code Ann. art. 3536 (West 1953 & Supp.1985).

L.Ed.2d 202, 211 (1986) (emphasis in original).

We recently stated that:

An issue is genuine if the evidence supporting its resolution in favor of the party opposing summary judgment, together with any inferences in such party's favor that the evidence allows, would be sufficient to support a verdict in favor of that party. If, on the other hand, the evidence offered by both the moving and opposing parties would support only one conclusion and, even if all the evidence to the contrary is fully credited, a trial court would be obliged to direct a verdict in favor of the moving party, the issue is not genuine.

*Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis,* 799 F.2d 218, 222 (5th Cir.1986) (footnotes omitted). *See generally* Schwarzer, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact,* 99 F.R.D. 465 (1984).

■ As to materiality, the Supreme Court has stated that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Liberty Lobby,* —— U.S. at ——, 106 S.Ct. at 2510, 91 L.Ed.2d at 211. The substantive area of law involved is relevant in determining which facts are material. *Id.* Furthermore, the existence of a "scintilla of evidence" is not sufficient to defeat a motion for summary judgment. *Liberty Lobby,* —— U.S. at ——, 106 S.Ct. at 2512, 91 L.Ed.2d at 214. In two cases last term, the Court noted that the standard for summary

judgment "mirrors" the standard for a directed verdict under Fed.R.Civ.P. 50(a). *See Liberty Lobby,* —— U.S. ——, 106 S.Ct. at 2511, 91 L.Ed.2d at 213; *Celotex Corporation v. Catrett,* 477 U.S. ——, —— – ——, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265, 273–274 (1986). The primary difference in the two motions comes from when they are used; "in essence, though, the inquiry under each is the same." *Liberty Lobby,* —— U.S. at ——, 106 S.Ct. at 2512, 91 L.Ed.2d at 214. Consequently, in order to defeat a summary judgment motion, there must be evidence whose reasonable inferences support the nonmoving party's position. *Professional Managers,* 799 F.2d at 223.

In this case the burden of persuasion at trial is on the nonmoving party, St. Amant. In order to obtain summary judgment, therefore, the defendants must either submit affirmative evidence that negates an essential element of St. Amant's claim or, alternatively, demonstrate that St. Amant's evidence is insufficient to establish an essential element of his claim. *See generally Celotex,* —— U.S. at —— – ——, 106 S.Ct. at 2556–2559, 91 L.Ed.2d at 278–281 (Brennan, J., dissenting).

### III.

■ The district court granted summary judgment on the basis of a letter that St. Amant received from Mayor Robichaux that was dated April 8, 1982. The court reasoned that this letter, combined with the lack of response from the city in regard to his earlier requests and his continued employment in the position from which he sought transfer, provided St. Amant with the knowledge that his transfer request had been denied.[2]

---

**2.** Since the interpretation of the April 8 letter is the primary dispute between the parties, the entire letter is reproduced below.

April 8, 1982
RE: Job Transfer
Dear Mr. St. Amant:

The City Attorney and the Acting Police Chief of the City has requested that I write you directly concerning your several recent demands for a job change, specifically a request that you be allowed to work as "internal affairs officer" or as "narcotics agent."

Your job description and pay is that of a patrolman in the Police Department of the City. You were employed in that position, and there is no other position which is currently available to put you into. Specifically, the City has no position known as "internal affairs officer" or "narcotics agent" of any sort. The fact that you may have done some work of that nature, on a temporary basis, for previous police chiefs does not change the basic fact that you were employed as and were always considered as a patrolman.

We agree with the district court that the April 8 letter from Mayor Robichaux should have indicated to St. Amant that his transfer request was denied. Contrary to St. Amant's contention, we do not find the April 8 letter ambiguous or confusing. St. Amant emphasizes the "passive" way that the city denied his request for transfer. In his view, because the city never explicitly said "your request is denied," he was not aware that the city had denied his transfer request. The April 8 letter, however, explicitly stated that St. Amant would remain in his current position. Combined with the city's silence regarding his previous requests for transfer, the reasonable inferences from the April 8 letter put St. Amant on notice that his transfer request had been denied. On appeal, St. Amant does not dispute the conclusion of the district court that he received the April 8 letter prior to his last day of work on May 5, 1982. Accordingly, St. Amant's section 1983 claim had already prescribed on May 5, 1983, and the district court properly granted summary judgment to the defendant.

### IV.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

Regretfully, since your unfortunate accident in the spring of 1980, you are unable to perform the duties of a patrolman. Specifically, it is my feeling, and the feeling is backed up by the medical opinion of your own physician, that you are unable to physically perform all of the duties required of a patrolman. Were you to be given these duties, it is entirely possible that you would create a danger to yourself and to others because of your physical disability.

The City has, on a temporary basis and in order to avoid terminating your employment, transferred you to the radio operator's position because this, in our opinion, is the only position which you are physically able to do in this department. It is expected, unless there is a marked improvement in your physical condition which would enable you to resume your duties as a patrolman, that you will remain in this position. You must surely understand that the City is bending over backwards in order to enable you to remain with

the Police Department, particularly since, as of this time, your salary has not been reduced to the level commensurate with a radio operator. Rather, you have continued to draw your patrolman's salary.

I have been advised by the Police Chief that your continuous demands for job transfer and your habitual griping have contributed substantially to a morale problem within the department. I am, by this letter, advising you to follow appropriate command channels when you feel you have a grievance to air. Your continuing public display of dissatisfaction contributes to low morale. Any complaints you have should be taken up privately with your superior. That way, legitimate grievances can be corrected. Your failure to abide by this request will result in our reconsideration of the City's position in this matter.

I trust this answers your questions.

Sincerely,
/s/ John H. Robichaux, Sr.
Mayor