**UNITED STATES of America**

v.

**Alejandro TARANGO–PENA.**

**No. Civ.A. 6:00CV647.**

United States District Court,
E.D. Texas,
Tyler Division.

Oct. 30, 2001.

Ruth Harris Yeager, Asst. U.S. Atty., U.S. Atty's Office, Tyler, TX, Michael T. Dougherty, U.S. Dept. of Justice, Civil Div. Office of Immigration Litigation, for Plaintiff.

Richard S. Fischer, Attorney at Law, Nacogdoches, TX, for Defendant.

## ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

GUTHRIE, United States Magistrate Judge.

Plaintiff filed the above-styled action to revoke and set aside the order of natural-

ization of Defendant Alejandro Tarango–Pena pursuant to 8 U.S.C. § 1451(a) on November 3, 2000. The case was transferred to the undersigned with the consent of the parties in accordance with 28 U.S.C. § 636. On August 29, 2001, Plaintiff filed a Motion for Summary Judgment (docket # 20). To date, no response has been filed by Defendant. For the reasons assigned below, the undersigned finds that the Motion for Summary Judgment should be granted.

*Background*

Defendant, a native of Mexico, entered the United States illegally in 1978 and 1982. In 1987, Defendant applied for an immigrant visa, asserting that his wife was born in the United States. He then applied for naturalization with the United States Immigration and Naturalization Service ("INS") on March 1, 1995. The application was signed, under penalty of perjury, on January 19, 1995, and states that Defendant was eligible to be naturalized because he had been a permanent resident for at least five years. Defendant states on the application that his wife, Norma Tarango, was born in the United States and is a United States citizen. During an interview on September 21, 1995, Defendant swore under oath that his wife was a United States citizen and that all information provided in his application for naturalization was true. Defendant's application was approved on January 31, 1995 and he took the oath of allegiance at a naturalization ceremony on July 17, 1996. Defendant's Certificate of Naturalization Number is 21580294.

In truth, Norma was born in Mexico in 1962 and married the Defendant on January 7, 1984. Norma obtained a fraudulent birth certificate stating that she was born in Lubbock on November 26, 1967 and then used that birth certificate to marry the Defendant a second time on April 5, 1985. Defendant submitted a "Factual Resume" to the United States Attorney's Office on August 8, 1998, admitting that he and his wife knowingly submitted false information to the INS. When the Defendant's misrepresentations came to light, he and his wife were charged with conspiracy to commit naturalization fraud in violation of 18 U.S.C § 371. A criminal information was filed on August 10, 1998. The Defendant entered a plea of "guilty" on December 14, 1998. He was convicted and placed on probation for 3 years and fined $250.

*Summary Judgment Standard*

Rule 56(c) of the Fed.R.Civ.P. provides that the Court may only grant a motion for summary judgment when there is no genuine issue of material fact and the moving party is entitled to summary judgment as a matter of law. The party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.,* 76 F.3d 651, 655 (5th Cir.1996). Once, the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial. *Id.* Neither "conclusory allegations" nor "un-

substantiated assertions" will satisfy the nonmovant's burden. *Id.*

Summary judgment is inappropriate if the evidence before the court, viewed as a whole, could lead to different factual findings and conclusions. *Honore v. Douglas,* 833 F.2d 565 (5th Cir.1987). The district court must look to the full record, including the pleadings, affidavits, and depositions. *Williams v. Adams,* 836 F.2d 958, 961 (5th Cir.1988). Under this standard, fact questions are considered with deference to the nonmovant. *Reid v. State Farm Mutual Automobile Insurance Co.,* 784 F.2d 577, 578 (5th Cir.1986). The evidence of the nonmovant is to be believed and all inferences are to be drawn in his favor. *Anderson v. Liberty Lobby,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). The Court resolves factual controversies for purposes of summary judgment in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. *Little v. Liquid Air Corp.,* 37 F.3d at 1075. The Court does not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts. *Wallace v. Texas Tech University,* 80 F.3d 1042, 1048 (5th Cir. 1996) (citing *Little v. Liquid Air Corp.,* 37 F.3d at 1075).

An issue is "genuine" if the evidence supporting its resolution in favor of the party opposing summary judgment, together with any inference in such party's favor that the evidence allows, would be sufficient to support a verdict in favor of the party. *St. Amant v. Benoit,* 806 F.2d 1294, 1297 (5th Cir.1987). A "material fact" is one that might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby,* 477 U.S. at 248, 106 S.Ct. at 2510.

*Discussion and Analaysis*

■ Pursuant to Fed.R.Civ.P. 56(e), summary judgment, if appropriate, shall be entered against the adverse party when the adverse party does not respond. On September 18, 2001, the Court granted Defendant's motion for an extension of time to respond to the motion for summary judgment. His deadline was extended to September 27, 2001. To date, Defendant has not filed a response to the motion for summary judgment.

In this case, the facts alleged by the Government in the motion for summary judgment are supported by Defendant's "Factual Resume," Defendant's deposition testimony and Defendant's application for naturalization. Plaintiff's evidence is uncontroverted. As a result, the Court finds that the facts are not disputed.

■ Pursuant to 8 U.S.C. § 1451(a), United States attorneys have a duty to institute proceedings to revoke and set aside citizenship and to cancel a certificate of naturalization if the citizenship and certificate of naturalization were illegally procured or were procured by concealment of a material fact or by willful misrepresentation. Due to the importance of the right at stake in a denaturalization proceeding, the Government's evidence must be clear, convincing and unequivocal. *Fedorenko v. United States,* 449 U.S. 490, 505, 101 S.Ct. 737, 747, 66 L.Ed.2d 686 (1981); *Schneiderman v. United States,* 320 U.S. 118, 125, 63 S.Ct. 1333, 1336, 87 L.Ed. 1796 (1943). At the same time, courts must strictly comply with all of the congressionally imposed prerequisites to citizenship. *Id.* at 506, 101 S.Ct. 737.

■ The Government asserts that Defendant's naturalization was illegally procured because his naturalization was procured by a willful misrepresentation or concealment of a material fact. To suc-

ceed on this claim, the Government must show 1) that the Defendant misrepresented or concealed some fact, 2) that the misrepresentation or concealment was willful, 3) that the fact was material, and 4) that the Defendant procured citizenship as a result of the misrepresentation or concealment. *Kungys v. United States,* 485 U.S. 759, 767, 108 S.Ct. 1537, 1544–45, 99 L.Ed.2d 839 (1988). The first two elements are met in this case—the Defendant does not dispute that he willfully gave false information to secure permanent residency and, subsequently, his certificate of naturalization. He admits in the "Factual Resume" and his deposition testimony that his wife obtained a falsified birth certificate, that he and his wife knowingly submitted false information to the INS to obtain permanent resident status, that he falsely represented in his application for citizenship that his wife was a United States citizen by birth and that he made those same misrepresentations under oath to an INS examiner. Accordingly, the first two elements are met—Defendant willfully misrepresented or concealed some fact.

Turning to the third element, the Court must examine "whether the misrepresentation or concealment was predictably capable of affecting, i.e., had a natural tendency to affect, the official decision." *Kungys v. United States,* 485 U.S. at 771, 108 S.Ct. at 1547. The Defendant misrepresented his wife's country of birth and citizenship. The Defendant relied upon his claim that his wife, Norma, was a United States citizen in applying for citizenship. Norma's citizenship was relevant to his qualifications for citizenship. The Defendant acknowledged in his "Factual Resume" his own belief that his false representation concerning his wife's citizenship was the basis for his naturalization. Therefore, the Court finds that the misrepresentation of those facts would have a

natural tendency to influence the citizenship determination and that those facts are "material."

 The final element examines whether the Defendant procured citizenship as a result of his misrepresentation. Having found that the Defendant made a material misrepresentation, the Court can presume that he was disqualified. *Kungys v. United States,* 485 U.S. at 777, 108 S.Ct. at 1549. It is then up to the Defendant to refute that presumption by showing, through a preponderance of the evidence, that the statutory requirement that was secured by his misrepresentation was, in fact, otherwise met. *Id.* As explained above, the Defendant did not respond to the motion for summary judgment. He has not produced any evidence to show that he was otherwise qualified for citizenship, independent of his misrepresentation. The Court finds that the Defendant's citizenship was procured by his material misrepresentations.

In light of the foregoing, the Court finds that the Government produced clear and convincing evidence that the Defendant's naturalization was procured by a willful misrepresentation or concealment of a material fact.

 As a second ground for relief, the Government asserts that the Defendant lacked lawful permanent residency, making him ineligible for naturalization. The Defendant entered this country illegally in 1978 and again in 1982. After his wife obtained a fraudulent birth certificate, the Defendant re-married her using the fraudulent birth certificate. The Defendant then obtained an immigrant visa, and later permanent resident status, based on the misrepresentation that his wife was a United States citizen by birth. Defendant admits in the "Factual Resume" and his deposition testimony that he knowingly

submitted false information to the INS to obtain permanent resident status. Pursuant to 8 U.S.C. § 1429, a person seeking naturalization must have been lawfully admitted to the United States as a permanent resident. As with his citizenship, the Defendant's permanent resident status was illegally procured. Therefore, he did not meet the prerequisites for naturalization at the time of his naturalization. As stated above, there must be strict compliance with all of the congressionally imposed prerequisites to citizenship and "[f]ailure to comply renders the certificate of citizenship 'illegally procured,' and naturalization that is unlawfully procured can be set aside." *Fedorenko v. United States,* 449 U.S. at 506, 101 S.Ct. at 747.

Having reviewed the pleadings and the competent summary judgment evidence submitted in this case, the Court finds that there are no genuine issues of material fact and the Government is entitled to judgment as a matter of law. It is therefore

**ORDERED** that Plaintiff's Motion for Summary Judgment (docket # 20) is **GRANTED.** It is further

**ORDERED** that the July 17, 1996 naturalization of Alejandro Tarango–Pena, ordered by the Attorney General of the United States and admitting Defendant to United States citizenship, is **REVOKED** and **SET ASIDE** and Certificate of Naturalization No. 21580294, issued by the Attorney General of the United States, is **CANCELED.** From the date of this Order, Defendant is forever **RESTRAINED** and **ENJOINED** from claiming any rights, privileges or advantages of United States citizenship based upon his July 17, 1996 naturalization. Defendant shall immediately **SURRENDER** and **DELIVER** his Certificate of Naturalization, any copies thereof in his possession, and any other indicia of United States citizenship, to the Attorney General of the United States, or her representative, the United States Attorney for the Eastern District of Texas. The Clerk shall **TRANSMIT** a certified copy of this Order to the Attorney General of the United States. It is finally

**ORDERED** that any motion not previously ruled on is **DENIED.** The Pretrial Conference set for December 10, 2001, and the Bench Trial scheduled for December 11, 2001, are **CANCELED.**

### *FINAL JUDGMENT*

The above-entitled action has come before the Court for consideration, and decision having been duly rendered, it is hereby

**ORDERED** and **ADJUDGED** that the above-entitled action be **DISMISSED.**