ACS RECOVERY SERVICES,
INC., et al., Plaintiffs,

v.

Larry GRIFFIN, et al., Defendants.

Cause No. 6:09–cv0512.

United States District Court,
E.D. Texas,
Tyler Division.

March 23, 2011.

Brent Wilson Bull, Zelle Hofmann Voelbel & Mason, LLP, Dallas, TX, David A. Belofsky, Douglas M. Belofsky, Lance R. Minor, Belofsky & Belofsky, Chicago, IL, Jared Ross Barrett, Shore Freeman Mills, PC, Longview, TX, for Plaintiffs.

Leland A. Reinhard, Law Office of Leland A. Reinhard, PC, Cleburne, TX, for Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

LEONARD DAVIS, District Judge.

The Report and Recommendation of the Magistrate Judge, which contains her findings, conclusions, and recommendation for the disposition of this action, has been presented for consideration. This case is a dispute by cross-motions for summary judgment in which Plaintiffs seek equitable restitution of the sum of $50,076.19 for payments covering Defendant Larry Griffin's medical treatment, to be recovered from a tort recovery received by the Defendants. The Report and Recommendation recommends that Plaintiffs' Motion for Summary Judgment against all Defendants, including Larry Griffin, Willie Earl Griffin, the Larry Griffin Special Needs Trust and Judy Griffin, be denied. Further, that Plaintiffs' Motion for Entry of Judgment by Default against Judy Griffin, construed as a part of Plaintiffs' Motion for Summary Judgment, be denied. Finally, that Defendants' Motion for Summary Judgment be granted. Plaintiffs filed written objections to the Report and Recommendation on March 17, 2011.

Having made a *de novo* review of the objections filed by Plaintiffs, the Court finds that the findings, conclusions and recommendation of the Magistrate Judge are correct and the objections are without merit. Specifically, as much as Plaintiffs argue that this case is somehow distinguishable from the factual situation, legal analysis and outcome of *Great–West Life & Annuity Ins. Co. v. Knudson,* 534 U.S. 204, 214, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002), their attempts fall short.

Plaintiffs seek to distinguish *Great–West* by arguing that the Supreme Court's holding was "that a claim for restitution did not seek 'equitable relief' when the plaintiff sought merely to obtain a judgment imposing personal liability upon the defendant to pay a sum of money." Objections at 5 (citing *Great–West,* 534 U.S. at 213, 122 S.Ct. 708). They then contend that restitution in equity, such as through a constructive trust or equitable lien, could serve to effect the reimbursement they seek. *Id.* Yet, they then acknowledge the very point that puts reimbursement out of their reach in this case, that the relief sought in *Great–West* "was not equitable because the plaintiff was not seeking relief against the actual funds that the defendants had received as a result of the settlement of their tort claim. Those funds were not in the defendants' possession, as they had been used to fund a special needs trust and pay the defendants' tort attorney." *Id.* (citing *Great–West,* 534 U.S. at 214, 122 S.Ct. 708).

Here, Plaintiffs essentially object that instead of seeking legal restitution under a theory of general liability, they "sought the imposition of a constructive trust over the proceeds of the settlement of the Tort Litigation, a 'classic form of equitable relief,' under Section 502(a)(3) of ERISA."

*See* Objections at 3. In fact, as Plaintiffs stated in their original complaint:

Plaintiffs bring this action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enjoin one or more acts and/or practices which violate the terms of the Plan, and to obtain appropriate equitable relief, including but not limited to a constructive trust and an injunction, to enforce certain material provisions of ERISA and the Plan and to redress certain violations of ERISA and the terms of the Plan.

Complaint at 2 ¶ 7. However, the plaintiffs in *Great–West* also sought "classic form[s] of equitable relief," in the form of injunctive relief, as here, and declaratory relief, "to pay the Plan $411,157.11 of *any proceeds recovered from third parties.*" *See Great–West,* 534 U.S. at 208, 122 S.Ct. 708 (emphasis added). They sought this relief pursuant to a reimbursement provision in that insurance policy, conferring " 'the right to recover from the [beneficiary] any payment for benefits' paid by the Plan that the beneficiary is entitled to recover from a third party." *Id.* at 207, 122 S.Ct. 708.

That the Plaintiffs are similarly proceeding pursuant to the subrogation and reimbursement provisions of the Plan in this case is undeniable. They say precisely as much in their complaint. *See* Complaint at 3–4 ¶¶ 16–18. Furthermore, they seek to obtain their reimbursement from the proceeds paid by "the third party tortfeasors allegedly responsible for the accident" that injured Larry Griffin. *Id.* at 4 ¶ 17; *see also* Plaintiffs' MSJ at ¶¶ 33–39. No matter how they clothe their claim as for a constructive trust or injunctive relief with "lawyerly inventiveness," *Great–West,* 534 U.S. at 211 n. 1, 122 S.Ct. 708, at bottom Plaintiffs seek restitution of the monies they contend is owed under the Plan from Larry Griffin's tort recovery. *See* Plaintiffs' MSJ at 11 (". . . the remedy of restitution is particularly appropriate in this case."); 17 ¶ C ("any reimbursement or restitution required to be made to the Plan by the Defendants").

Yet, the crux of *Great–West* is the fact that the money sought by the fiduciaries in that case resided in a special needs trust established under the appropriate state law and administered as such. There, as here, "the funds to which [Plaintiffs] claim an entitlement under the Plan's reimbursement provision—the proceeds from the settlement of [Defendants'] tort action—are not in [Defendants'] possession." *Great–West,* 534 U.S. at 214, 122 S.Ct. 708. Thus, no matter how Plaintiffs here try to frame their lawsuit, "[t]he basis for [their] claim is not that [Defendants] hold particular funds that, in good conscience, belong to [Plaintiffs], but that [Defendants] are contractually entitled to *some* funds for benefits that they conferred." *Id.* (emphasis in original). In other words, their claim can only be interpreted as one for a recovery under the terms of the Plan for "*some* funds for benefits that [the Plan] conferred." *Id.* In this sense, the instant case is very similar to *Great–West.*

Plaintiffs nonetheless argue that this case is more like the situation presented to the Supreme Court in *Sereboff v. Mid Atl. Med. Servs., Inc.,* 547 U.S. 356, 126 S.Ct. 1869, 164 L.Ed.2d 612 (2006). There, however, the funds from which those plaintiffs sought recovery were in an investment account under those defendants' possession and control, by stipulation of the parties pending the ultimate outcome in the trial and appellate courts. *Id.* at 361, 126 S.Ct. 1869. The Supreme Court explicitly distinguished that situation from the one in *Great–West,* noting that the requirement of seeking to "impose a constructive trust or equitable lien on 'particular funds or property *in the defendant's possession*'" was not met in *Great–West* because "the funds to which petitioners claim[ed] an entitlement" were not in the respondent's

possession but had been placed in a special needs trust under state law. *Id.* at 362, 126 S.Ct. 1869 (quoting *Great–West,* 534 U.S. at 213, 214, 122 S.Ct. 708) (emphasis added). Therefore, in *Amschwand v. Spherion Corp.,* 505 F.3d 342, 346 (5th Cir.2007), *cert. denied,* —— U.S. ——, 128 S.Ct. 2995, 171 L.Ed.2d 911 (2008), the United States Court of Appeals for the Fifth Circuit interpreted *Sereboff* to confirm, "... that the *sine qua non* of restitutionary recovery available under § 502(a)(3) is a defendant's possession of the disputed res." *Id.* Here, a special needs trust was established by a state court under state law, just as in *Great–West,* and those funds are not in Defendants' possession. Plaintiffs' objections simply cannot disestablish that circumstance and their objection is accordingly without merit.

As for the additional claim against Defendant Judy Griffin, Plaintiffs have not objected to the Magistrate Judge's recommendation that their Motion for Entry of Judgment by Default against her be denied. Therefore, the Court will not consider that claim further.

The findings and conclusions of the Magistrate Judge are therefore adopted as those of the Court. In light of the foregoing, it is

**ORDERED** that Plaintiffs' Motion for Summary Judgment (docket entry # 26) is **DENIED.** It is further

**ORDERED** that Plaintiffs' Motion for Entry of Judgment by Default Against Defendant Judith Griffin (docket entry # 25) is **DENIED.** It is further

**ORDERED** that Defendants' Motion for Summary Judgment (docket entry # 27) be **GRANTED** and that this case accordingly be **DISMISSED** with prejudice. It is finally

**ORDERED** that any motion not previously ruled on is **DENIED.**

## REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

JUDITH K. GUTHRIE, United States Magistrate Judge.

This case is a dispute by cross-motions for summary judgment in which Plaintiffs seek equitable restitution of the sum of $50,076.19 for payments covering Defendant Larry Griffin's medical treatment, to be recovered from a tort recovery received by the Defendants.

Presented for consideration are ACS Recovery Services, Inc. and FKI Industries, Inc.'s ("Plaintiffs") Motions for Summary Judgment (docket entry # 26) and for Entry of Judgment by Default Against Defendant Judith Griffin (docket entry # 25); Larry Griffin, Willie Earl Griffin and the Larry Griffin Special Needs Trust's ("Defendants") Motion for Summary Judgment and Motion to Dismiss for Want of Jurisdiction (docket entry # 27); and the Responses and Replies to each of them. Upon due consideration of the pleadings, the record and the governing law, the Court recommends that Plaintiffs' Motions for Summary Judgment and for Entry of Judgment by Default Against Defendant Judith Griffin, construed together, be denied and that Defendants' Motion for Summary Judgment be granted.

### I. BACKGROUND

FKI Industries, Inc. ("FKI") is a corporate manager of the FKI Industries Inc., Subsidiaries and Affiliates Medical Benefits Plan ("Plan") maintained for eligible employees of FKI Industries Inc., Subsidiaries and Affiliates and their family members. ACS Recovery Services, Inc. ("ACS") is a corporation delegated the duty of collecting the medical benefits that are the subject of this action. The two contend they are fiduciaries of the Plan

within the meaning of ERISA § 502(a)(3), 29 U.S.C. § 1002(21)(A), empowered to bring this action pursuant to that section.

On February 6, 2006, Defendant Larry Griffin ("Larry") was injured in a motor vehicle accident in Shelby County, Texas. He was a participant of the Plan and received benefits under the Plan related to his accident injuries. Plaintiffs assert that $50,076.19 was paid under the Plan for Larry's post-accident treatment. Plaintiffs also assert that there are subrogation and reimbursement requirements included as provisions of the Plan, see Complaint Ex. A at ¶¶ 2–3, that mandate repayment of benefits to the Plan out of any damages received by a Plan participant as the result of an action against the party responsible for the injuries.

In this case, Larry's injuries were caused by the negligence of two third party tortfeasors. Larry brought an action against them to recover the damages he sustained by the motor vehicle accident. The claims were eventually settled for the tortfeasors' $300,000.00 insurance limit.

Instead of receiving the settlement damages, however, the Defendants applied to the Shelby County, Texas, District Court to establish a Special Needs Trust pursuant to Texas Property Code § 142.001, et seq., with Larry's brother, Willie Earl Griffin, as Trustee ("Trustee"). In a Compromise Settlement Agreement ("Settlement Agreement") approved by the Shelby County, Texas, District Court, the proceeds, with a present value of $294,439.82, were apportioned with $100,824.90 payable in attorneys' fees; $5,607.29 payable in various other fees; $40,000 payable to Defendant Judy Griffin ("Judy"), per the terms of a Decree of Divorce; and $148,007.63 payable to Hartford Comprehensive Employee Benefit Services Company to fund future periodic payments for the Larry Griffin 142 Special Needs Trust ("Trust").

Based on the tort recovery, Plaintiffs brought this lawsuit, contending they are owed restitution of the $50,076.19 expended under the Plan for Larry's medical treatment. Pursuant to the subrogation and reimbursement provisions of the Plan, they asked that a constructive trust be impressed for recovery of the Plan's funds from monies paid to Defendants. They later amended their complaint to name Larry's former wife, Judy Griffin, as an additional Defendant, seeking to obtain reimbursement in part through the $40,000.00 she received under the Settlement Agreement and the Decree of Divorce it cites. They now seek summary judgment against Larry, the Trust, Larry's brother Willie as Trustee of the Trust and Judy, proceeding under § 502(a)(3) of ERISA. They also seek default judgment against Judy, which the Court construes as part of their summary judgment motion.

Defendants Larry, Willie and the Trust also cross-move for summary judgment and to dismiss Plaintiff's action for want of jurisdiction, asserting that Plaintiff's recovery action is foreclosed by establishment of the Trust and the fact that none of the settlement damages ever came into Larry's possession.

Plaintiffs and Defendants have each submitted various documents, affidavits, discovery responses and other materials as summary judgment evidence in support of their respective motions.

## II. STANDARD ON SUMMARY JUDGMENT

Rule 56(a), Fed.R.Civ.P., provides that the Court may only grant a motion for summary judgment when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *VRV Development L.P. v. Mid–Continent Cas. Co.*, 630 F.3d 451, 455 (5th Cir.2011) (quoting Fed.R.Civ.P. 56(a)).

The party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine dispute as to a material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.,* 76 F.3d 651, 655 (5th Cir.1996). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial. *Id.* Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Id.*

Summary judgment is inappropriate if the evidence before the court, viewed as a whole, could lead to different factual findings and conclusions. *Honore v. Douglas,* 833 F.2d 565 (5th Cir.1987). The district court must look to the full record, including the pleadings, affidavits, and depositions. *Williams v. Adams,* 836 F.2d 958, 961 (5th Cir.1988). Under this standard, fact questions are considered with deference to the nonmovant. *Reid v. State Farm Mutual Automobile Insurance Co.,* 784 F.2d 577, 578 (5th Cir.1986). The evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor. *Anderson v. Liberty Lobby,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). The court resolves factual controversies for purposes of summary judgment in favor of the non-moving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. *Little,* 37 F.3d at 1075. The court does not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts. *Wallace v. Texas Tech University,* 80 F.3d 1042, 1048 (5th Cir.1996) (citing *Little,* 37 F.3d at 1075).

"The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson,* 477 U.S. at 247–248, 106 S.Ct. 2505. An issue is "genuine" if the evidence supporting its resolution in favor of the party opposing summary judgment, together with any inference in such party's favor that the evidence allows, would be sufficient to support a verdict in favor of the party. *St. Amant v. Benoit,* 806 F.2d 1294, 1297 (5th Cir.1987). A "material fact" is one that might affect the outcome of the suit under governing law. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. "When the moving party has carried its burden under Rule 56(c),[1] its opponent must do more than simply show that there is some metaphysical doubt as to the material facts ... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.' " *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (footnote omitted).

## III. DISCUSSION AND ANALYSIS

Plaintiffs assert that they are proceeding as fiduciaries under the Plan, according to Section 502(a)(3) of ERISA, 29

---

1. The predecessor to the current Rule 56(a).

U.S.C. § 1132(a)(3), which states that a civil action may be brought:

> [B]y a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan[.]

The operative term in this instance is "equitable relief." Here, Plaintiffs assert that the Defendants have received a tort recovery for Larry's injuries and that equitable restitution is due the Plan for its medical payments on Larry's behalf, under the Plan's subrogation and reimbursement provisions. Plaintiffs seek that this Court "interpret the material provisions of the subrogation and reimbursement provisions of the Plan for the purpose of determining the applicability of the fund doctrine or the made whole doctrine to any reimbursement or restitution required to be made to the Plan by the Defendants." Complaint at 6. To that end, they seek to have a constructive trust imposed on the $50,076.19 they contend the Plan paid out.

Defendants counter that Plaintiffs' claim must fail because Larry has never had title to, or possession and control of, any of the funds paid out in the tort claim, by virtue of the Larry Griffin Special Needs Trust. This Trust, as noted above, was created under Texas state law and approved by a state District Court in Shelby County, and was the vehicle into which proceeds were deposited for Larry's benefit under the oversight of the Trustee, Larry's brother Willie.

Plaintiffs nonetheless contend that Texas Property Code §§ 142.001, *et seq.*, under which the Trust is established, is preempted by ERISA and that establishment of the Trust itself is merely "subterfuge." Further, they contend that the Court must defer to the Plan administrator's determinations regarding the reimbursement.

Notwithstanding these arguments, in a very similar case involving a tort settlement into a state law-based Special Needs Trust, the Supreme Court held that, "for restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property *in the defendant's possession.*" *Great–West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 214, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002) (emphasis added). There, Janette Knudson, a beneficiary under a similar plan available through her husband's work, was rendered quadriplegic in an automobile accident. The plan in her case covered $411,157.11 in benefits, most of which was paid by Great West. When the Knudsons recovered damages in tort from the underlying tortfeasors, the funds were allocated into a similar Special Needs Trust set up under California law and approved by a state court. Remaining funds were distributed to the Knudsons' lawyer. *Id.* at 207–08, 122 S.Ct. 708. Great West, and others, attempted to recoup the benefits it paid under its plan, regardless of its location. The Supreme Court found that such a claim amounted to an attempt to recover funds under a contractual obligation to pay money, which relief "was not typically available in equity." *Id.* at 210, 122 S.Ct. 708. Relief under § 502(a)(3) must be restitution in equity, "ordinarily in the form of a constructive trust or an equitable lien, where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession." *Id.* at 213, 122 S.Ct. 708. The Supreme Court ultimately held that "the funds to which petitioners claim an entitlement under the Plan's reimbursement provision— the proceeds from the settlement of re-

spondents' tort action—are not in respondents' possession." *Id.* at 214, 122 S.Ct. 708. Recovery of those funds was not an equitable remedy, such as a constructive trust, which Plaintiffs in the instant case contend they seek. Instead, it was a legal remedy claiming liability for the benefits conferred that Great West sought to recover on the basis of their contractual agreement.

That is very nearly identical to the case at bar. Here, Plaintiffs attempt to distinguish their demand from that of Great West, by asserting that they explicitly seek a constructive trust, which the Supreme Court found a satisfactory form of equitable relief in *Great–West.* However, this contention is clearly washed away by the very contractual provisions Plaintiffs attach to their Complaint, *see* Complaint Ex. A, and upon which they premise their claims. At bottom, what they seek is indistinguishable from an action for recovery of money under a contract.

"The crucial distinction between two historical species of restitution is that equitable restitution seeks only to restore to the plaintiff particular funds or property in the defendant's possession, while legal restitution imposed personal liability for breach of a legal duty." *Amschwand v. Spherion Corp.,* 505 F.3d 342, 346 (5th Cir.2007) (Jones, C.J.), *cert. denied,* —— U.S. ——, 128 S.Ct. 2995, 171 L.Ed.2d 911 (2008). The Fifth Circuit went on to compare *Sereboff v. Mid Atlantic Medical Servs., Inc.,* 547 U.S. 356, 126 S.Ct. 1869, 164 L.Ed.2d 612 (2006), on which Plaintiffs rely, with *Great–West.* The Court noted that in *Sereboff,* similar to *Great–West* and the instant case, an injured beneficiary who recovered a tort settlement was sued by the plan fiduciary for medical benefits it had paid under the plan. *Amschwand,* 505 F.3d at 346. However, "in contrast to *Great–West,* the *Sereboff* beneficiaries *retained possession and control of the par-*

*ticular settlement funds* that the fiduciary sought." *Id.* (emphasis added). Because that was so, the Fifth Circuit observed, "the relief sought by the fiduciary would have been recognized as equitable by a pre-fusion equity court and was subject to the restitutionary remedy of an equitable lien on the settlement funds." *Id.* (citing *Sereboff,* 547 U.S. at 363–64, 126 S.Ct. at 1874–75). Therefore, the Fifth Circuit reasoned, "*Sereboff* seems to confirm that the *sine qua non* of restitutionary recovery available under § 502(a)(3) is a defendant's possession of the disputed res." *Id.*

Even prior to *Amschwand,* the Fifth Circuit examined facts under a "relevant three-part inquiry" to determine whether a remedy sought is appropriate under § 502(a)(3). In *Bombardier Aerospace Employee Welfare Benefits Plan v. Ferrer, Poirot and Wansbrough,* 354 F.3d 348, 356(5th Cir.2001), *reh'g en banc denied,* 89 Fed.Appx. 905 (5th Cir.) *and cert. denied,* 541 U.S. 1072, 124 S.Ct. 2412, 158 L.Ed.2d 981 (2004), the Fifth Circuit posed the inquiry as:

Does the Plan seek to recover funds (1) that are specifically identifiable, (2) that belong in good conscience to the Plan, and (3) that are within the possession and control of the defendant beneficiary?

The Fifth Circuit then examined both *Great–West, supra,* and its own then-recent decision in *Bauhaus USA, Inc. v. Copeland,* 292 F.3d 439 (5th Cir.2002), in comparison to the facts in *Bombardier Aerospace.* It determined that in *Great–West* and *Bauhaus,* the benefit plans sought to recover funds from a specifically identifiable corpus of money that had been paid out as benefits, satisfying the first step. *Bombardier Aerospace,* 354 F.3d at 356. Likewise, both plans' terms contained an "express, unambiguous reimbursement provision" making the disputed

funds "belong in good conscience" to the respective plan, satisfying the second step. *Id.* Finally, however, in both *Great–West* and *Bauhaus,* the respective beneficiary had neither actual nor constructive possession or control over the disputed funds. *Id.* In *Great–West,* that was by virtue of the Special Needs Trust holding the funds outside the beneficiary's control. *Id.* In *Bauhaus,* the disputed funds had been deposited into the Mississippi Chancery Court's registry, an entity totally independent of the plan beneficiary. *Id.* Therefore, the respective plan fiduciary's claim in both cases did not meet the requirements for equitable restitution under the three-part inquiry. In *Bombardier Aerospace,* on the other hand, that beneficiary "ha[d] ultimate control over, and thus *constructive* possession of, the disputed funds" that were in the actual possession of the beneficiary's law firm. *Id.* (emphasis in original). In that case, as in *Sereboff, supra,* the remedy the fiduciaries sought was appropriate equitable restitution.

■ Here, the same situation exists as in *Great–West.* The disputed funds in Larry's case have been deposited, under the approval of the Shelby County District Court, straight from the settlement and into the Larry Griffin Special Needs Trust under the Texas Property Code. It is under the complete control of the Trust's Trustee, Willie Earl Griffin. Simply stated, whether the first two factors are met or not, the third factor in the Fifth Circuit's test in *Bombardier Aerospace,* relying on the outcome in *Great–West,* is not met. Plaintiff's sought-after remedy amounts to an action on a contract and therefore constitutes legal relief not available under ERISA § 502(a)(3).

Notwithstanding, Plaintiffs also contend that Larry must have had legal title to the funds for "at least a fleeting moment" when he signed the Settlement Agreement. *See* Plaintiffs' Response at 4. How-ever, that is merely speculation or, at best, a legal argument unsupported by any competent summary judgment evidence. Furthermore, it does not square with the facts in *Great–West.*

Therefore, Plaintiffs' Motion for Summary Judgment should be denied and Defendants' Motion for Summary Judgment and to Dismiss for Want of Jurisdiction should be granted.

■ Finally, the claims against Judy likewise fail. She received $40,000.00 in funds allocated via the Shelby County District Court-approved Settlement Agreement pursuant to the Shelby County Decree of Divorce. Certainly, Plaintiffs' Motion for Entry of Judgment by Default requests that "a constructive trust be impressed upon the $40,000.00 in funds that were received by Judith Griffin . . . ." Motion for Default Judgment at 2 (emphasis added). However, although Plaintiffs seek to proceed in a narrow sense on a Motion for Default Judgment for Judy's failure to answer their amended complaint, they are also indisputably seeking summary judgment against Judy as one of the defined "Defendants" in their Motion for Summary Judgment. *See* Plaintiff's MSJ at 1. In fact, the two documents were filed in this Court at the same time and the Court therefore construes them together as inextricably interwoven. As discussed above, Plaintiffs have attempted to show, on summary judgment, that funds resulting from the underlying state tort recovery are payable in restitution for benefits paid to Larry under the Plan. Therefore, Plaintiffs essentially are seeking to prevail over Judy on summary judgment as well as Larry. However, a non-movant's failure to respond to a motion for summary judgment does not entitle the movant to a default judgment. *Eversley v. MBank,* 843 F.2d 172, 174 (5th Cir.1988); *Tutton v. Garland Indp. Sch. Dist.,* 733 F.Supp.

1113, 1117 (N.D.Tex.1990); *Richardson v. Aetna Life Ins. Co.*, 2001 WL 1661699, at *3 (N.D.Tex. Dec. 26, 2001). Therefore, Plaintiffs' Motion for Entry of Judgment by Default, construed as part of their Motion for Summary Judgment against all Defendants, should be denied.

## IV. RECOMMENDATION

For the reasons discussed above, Plaintiffs' Motion for Summary Judgment against all Defendants, including Larry Griffin, Willie Earl Griffin, the Larry Griffin Special Needs Trust and Judy Griffin, should be denied. Further, Plaintiffs' Motion for Entry of Judgment by Default against Judy Griffin, construed as a part of Plaintiffs' Motion for Summary Judgment, should be denied. Finally, Defendants' Motion for Summary Judgment should be granted.

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir.1996) *(en banc )*.

So **ORDERED** and SIGNED this 3rd day of March, 2011.